## Rowland v. Commonwealth.

(Decided October 5, 1923.)

### Appeal from Shelby Circuit Court.

1. Arrest—Intoxicating Liquors—Search Warrant Unnecessary where Liquor Exposed to View.—Where defendant was driving an automobile loaded with 100 gallons of moonshine whiskey, and officers turned a spotlight upon his car, exposing one keg of moonshine liquor to view, the officers properly searched the car without a search warrant and without a warrant for the arrest of defendant.

2. Criminal Law—Prosecuting Officers Not Allowed to Comment Upon Failure of Defendant to Testify.—Attorney for the Commonwealth must not comment upon the failure of a defendant to testify in his own behalf.

3. Criminal Law—Argument Held Not Comment Upon Failure of Defendant to Testify—Comment of Counsel Not Reversible in Absence of Motion for Discharge of Jury and Continuance.—Comment of prosecuting attorney that defendant offered no proof in mitigation of his guilt, and that he was informed by another that under the rule of the federal court officers were permitted to stop cars when they had reasonable grounds to believe a driver was transporting liquor, was not a comment upon the failure of the defendant to testify in his own behalf, in violation of Ky. Stats., section 1645, and Criminal Code of Practice, section 223, and, while going beyond the proprieties, was not such an error as entitled defendant to a reversal where he did not move for a discharge of the jury and a continuance of the case.

CHARLES H. SANFORD and T. R. ROBERTS for appellant.

THOS. B. McGREGOR, Attorney General, and CHAS. W. LOGAN, Assistant Attorney General, for appellee.

Opinion of the Court by Chief Justice Sampson—
Affirming.

Appellant Rowland and another were driving an automobile loaded with about 100 gallons of moonshine whiskey along the public highway near Shelbyville when they observed another car, traveling in front of them, had been stopped apparently by officers, whereupon appellant and his driver, yet some distance away, attempted to turn their car in the road but the spotlight of the officers being turned upon them, appellant jumped from the car and started to run, leaving the door of the car open, exposing one keg of moonshine liquor to view. The officers seeing the keg of whiskey apprehended the appellant and took charge of the automobile loaded with whiskey. Upon a trial appellant was convicted and given a jail sentence and fine.

It is his contention that the officers had no right to search his car without a warrant so to do; that the officers had no warrant of arrest for him, or a warrant to search his car. It will be sufficient to say in answer to this argument that no search warrant was necessary since it is shown in evidence that the whiskey in the keg in the car was exposed to view. We have held in several cases. including Royce v. Commonwealth, 194 Ky. 480; Helton v. Commonwealth, 195 Ky. 678; Commonwealth v. Warner and Honer, 198 Ky. 784, and Commonwealth v. Riley, 192 Ky. 153, that where the article sought is in plain view so that it is not necessary for the officers to search the car or other premises in order to see and know of the existence of the article sought, the arrest may be made and the articles taken as if the officers had in their possession a search warrant directed against the particular car or premises.

Under the rule announced in the foregoing cases, the officers had a right to take charge of appellant and his car under the facts shown.

It is next complained that the attorney for the Commonwealth violated section 1645, Kentucky Statutes, and section 223 of the Criminal Code, which forbid reference by the attorney for the Commonwealth to the failure of a defendant to testify upon his trial. Appellant charges that the prosecuting attorney in delivering his argument said in substance that the defendant offered no proof in mitigation of his guilt; and further that he, the Commonwealth's attorney, was informed by Mr. Wakefield

that under the rule of the federal court an officer was permitted to stop cars when they had reasonable grounds to believe the driver was transporting liquor.

The attorney for the Commonwealth is never allowed to comment upon the failure of a defendant to testify in his own behalf, and this court has been careful to require prosecuting officers to observe the rule. There is, however, no direct reference in this case to the failure of appellant to testify in his own behalf. That appellant offered no evidence in mitigation of the charge against him is a very different thing from stating that he failed to testify. He might well have testified and yet not offered any evidence in mitigation of the crime charged against him. He may have denied the charge altogether and not have attempted to mitigate the crime or the punishment inflicted. When considered in this light the language of the Commonwealth's attorney, while going beyond the proprieties, was not a violation of the sections of the Code and statutes above referred to and was not such error as entitled the defendant to a reversal of the judgment, since he did not move for a discharge of the jury and a continuance of the case.

Finding no error to the prejudice of the substantial rights of the defendant the judgment is affirmed.

Judgment affirmed.