## HAWTHORNE et al. v. UNITED STATES.

Circuit Court of Appeals, Fourth Circuit. January 14, 1930.

No. 2890.

McDowell, District Judge, dissenting.

Harry O. Levin, of Baltimore, Md. (Samuel S. Levin, of Baltimore, Md., on the brief), for appellants.

O. Norman Forrest, Asst. U. S. Atty., and A. W. W. Woodcock, U. S. Atty., both of Baltimore, Md. (Wm. Childs Purnell, Asst. U. S. Atty., of Baltimore, Md., on the brief), for the United States.

Before WADDILL and NORTHCOTT, Circuit Judges, and McDOWELL, District Judge.

NORTHCOTT, Circuit Judge. On March 28, 1928, national prohibition officers arrested appellants in the state of Maryland, on a road leading into Baltimore. The officers were driving along the road when

they noted a large truck directly ahead of them. The lights of the government car were directly on the rear of the truck, and revealed, through a space in the tail gate, what appeared to be drums used to contain alcohol. The agents also noted upon the truck the words, "The E. & S. Transportation Company." The agents had information to the effect that this company was engaged in transporting alcohol in violation of the National Prohibition Act (27 USCA).

The truck was ordered to stop, and appellant Siegel, who was driving, and appellant Hawthorne, who accompanied him in the front seat of the truck, were questioned by the officers as to what they had in the truck. They replied that "they had toilet water," and produced a paper purporting to be a bill of lading or way bill for 25 drums of toilet water, and a bill for 1,250 gallons of toilet water. The agent opened one of the drums, which had no marking on them, and discovered it to be filled with alcohol, especially denatured with the addition of an oil. Appellants were arrested, and at the June, 1928, term of the District Court of the United States, for the District of Maryland, at Baltimore, information was filed against them, charging them with violation of section 3, tit. 2, of the National Prohibition Act (27 USCA § 12).

On July 19 appellants, who were defendants below, filed a motion to suppress the evidence, which motion was overruled by the trial judge. The defendants were tried before a jury and convicted, and each were sentenced to pay a fine of $500 and costs, from which judgment of the court this appeal was taken.

Three points are raised on behalf of the defendants: First, was the search and seizure and accompanying arrest legal? Second, should the contents of the drums conveyed by the truck have been used in evidence against defendants? And, third, did the trial court err in its failure to charge the jury to find the defendants not guilty, unless the jury found that the liquid in evidence was fit for beverage purposes?

█ That the arrest of the defendants and the accompanying search and seizure were legal under the circumstances, testified to by the government agents, seems clear. In the case of Ash v. United States, 299 F. 277, 279, Judge Waddill, speaking for this court, said:

"* * * If the facts and circumstances then patent to him were such as would reasonably lead an officer to believe that the law was being violated by the unlawful transportation of intoxicating liquors, he is authorized to seize and hold the same, and cause the arrest of the person so transporting."

The case also comes under the rule laid down in Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 288, 69 L. Ed. 543, 39 A. L. R. 790, where Chief Justice Taft, speaking for the court, says:

"This is to say that the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient in themselves to warrant a man of reasonable caution in the belief that intoxicating liquor was being transported in the automobile which they stopped and searched."

█ The arrest and the search and seizure were amply justified by the circumstances, consequently evidence as to the contents of the drums being transported by the two defendants in the truck was properly admitted on the trial.

█ With regard to the third question as to whether the trial court should have instructed a verdict of not guilty unless the jury found the liquid in evidence was fit for beverage purposes, the trial court instructed the jury:

"I instruct you further that since the National Prohibition Act uses the words, 'alcohol,' 'whisky,' brandy,' 'wine,' and other words in the broad generic sense, it is not necessary that there be proof of actual fitness of this alcohol for beverage purposes at the given time, provided it is reasonably fit in the sense that it is an article which, with little, or with a very simple change, can be put in the customary condition for beverage purposes. That, I understand, to be the proper construction of the law, because, otherwise, the very purpose of the law might be defeated by an obviously simple method of temporarily changing the liquid into a state which did not, fundamentally, affect its use for beverage purposes, but, temporarily, might make it, to a certain extent, unfit, but not poisonous. And, therefore, because 'alcohol' is one of the generic terms used in the Act, just as is 'whisky,' it is not necessary, as it would be with respect to some other kinds of drinks or liquors not so mentioned, to prove the complete fitness at the given time for beverage purposes."

The defendants were charged with transporting alcohol under section 1, tit. 2, of the National Prohibition Act (27 USCA § 4), which reads as follows:

"When used in Title II and Title III of this Act (1) The word 'liquor' or the phrase 'intoxicating liquor' shall be construed to include alcohol, brandy, whisky, rum, gin, beer, ale, porter, and wine, and in addition thereto any spirituous, vinous, malt, or fermented liquor, liquids, and compounds, whether medicated, proprietary, patented, or not, and by whatever name called, containing one-half of 1 per centum or more of alcohol by volume which are fit for use for beverage purposes."

The testimony of the chemist, who analyzed the contents of the drums, was that they were filled with alcohol specially denatured by an oil, known as "ethyl benzoate," which oil is easily eliminated from the alcohol by saponification and distillation, and that the fluid contained 91½ per centum of alcohol by volume, and that, when the denaturant was eliminated from the alcohol, it was fit for beverage purposes.

The evidence also shows that the liquid as denatured was not in any sense a toilet water, and had no known use in science or the arts, showing conclusively that the denaturing was done for the sole purpose of disguising the alcohol and rendering easy the violation of the law in its transportation. It would be illogical to hold that a disguising or denaturing of alcohol in a way that could have served no other purpose than to aid in the violation of the law was a good defense to the charge of transporting alcohol. Such a subterfuge should not be allowed to cover up violations of the law. The defendants were charged with transporting alcohol; they were, according to the verdict of the jury, knowingly transporting it, and evidently for an unlawful purpose.

We think the learned trial judge below properly charged the jury. There was no error in the trial, and the judgment of the court is accordingly affirmed.

McDOWELL, District Judge (dissenting). The defendants were charged in the first count with the unlawful possession of intoxicating liquor, to wit, alcohol, and in the second count with transporting intoxicating liquor, to wit, alcohol. The proof was that the defendants possessed and transported an undrinkable mixture of alcohol and oil. I am unable to divest myself of the belief that such a mixture is not alcohol within the meaning of either section 1 or section 3 of title 2 of the Prohibition Act. In consequence, there was a highly material variance between the allegations of the information and the proof. These defendants could have been prosecuted under section 25 of title 2 (27 USCA § 39), or possibly under section 15 of title 3 (27 USCA § 85); but, in my opinion, they should not have been convicted for possessing or for transporting intoxicating liquor.