STATE v. ALONZA HARPER, JESSE JAMES HADDOCK AND HARVEY BOWEN.

(Filed 1 February, 1952.)

**1. Criminal Law § 54d—**

A special verdict must incorporate a finding by the jury of all essential facts upon which the guilt or innocence of defendant must follow as a conclusion of law, but it may not submit to the jury the competency of evidence presented to prove such facts.

**2. Intoxicating Liquor § 9c: Searches and Seizures § 1—**

Where an officer of the law sees and recognizes intoxicating liquor in defendant's car without a search thereof, it becomes his duty to act, either with or without a search warrant. G.S. 18-6.

**3. Criminal Law § 83—**

Where the facts found in a special verdict clearly establish defendant's guilt, but it appears that the question of the competency of evidence was also submitted to the jury under the special verdict, the judgment of guilty cannot be allowed to stand, but a new trial will be ordered upon defendant's appeal.

APPEAL by defendant Alonza Harper from *Carr, J.,* June 1951 Term, GREENE.

Criminal prosecution upon a warrant charging defendant Alonza Harper with possession, possession for the purpose of sale, and transporting nontax-paid intoxicating liquor.

This case and the case, *S. v. Harper, ante,* 62, are companion cases. The charges against the defendant Harvey Bowen were disposed of in the court below without appeal.

Upon the call of the case, the defendants made a motion to suppress the State's evidence for that such evidence would be based on an unlawful search warrant or secured without a search warrant. This motion was denied.

Thereafter, by consent of the solicitor for the State and counsel for the defendant, the court submitted to the jury a special verdict, therein reciting the details under which the search warrant was obtained and the manner of its service in exactly the same language employed in the special verdict in *S. v. Harper, supra,* and further reciting that while the search was in progress, defendant Harper drove up in his automobile and when he got out of his car, one of the officers by the use of his flashlight saw

in defendant's car two ½ gallon jars containing white nontax-paid liquor, the jars being unwrapped and easily visible to the officer. The officer thereupon seized the two jars of liquor and looked in the trunk of said car and found five cases of intoxicating liquor upon which the tax due the Federal Government had not been paid, being 30 gallons in all. Harper then admitted that he had found this liquor at a point not far away and that he intended to put the liquor in the shed room where Jesse James Haddock was sleeping. Harper also admitted that he had assisted in the transportation of the 52 cases of nontax-paid liquor which had just been discovered by the officers in the sleeping quarters of Haddock.

The jury found upon the special verdict that the defendant had the 30 gallons of nontax-paid liquor in his possession for the purpose of sale, and further found the facts to be as set forth in the special verdict and concluded that if upon the facts so found the court was of the opinion that the defendant was guilty as charged, then the jury makes the opinion of the court its verdict.

Upon the findings of the jury, the court adjudged that the defendant Harper was guilty of each of the three charges and offenses set out. To the judgment entered, the defendant Harper excepted and appealed, assigning errors.

*Attorney-General McMullan, Assistant Attorney-General Moody, and Charles G. Powell, Jr., Member of Staff, for the State, appellee.*

*C. W. Beaman and K. A. Pittman for defendant, appellant.*

VALENTINE, J. The submission of the special verdict in this case was not the proper procedure and had the effect of placing upon the jury the responsibility of determining the competency of the evidence, and tended only to confuse the issue. The jury may never be properly called upon to determine the competency or the admissibility of evidence. These are questions addressed solely to the presiding judge and must be by him determined and ruled upon. *Sanderson v. Paul, ante,* 56. He cannot place upon others a duty which rests upon him and him alone. *S. v. Whitener,* 191 N.C. 659, 132 S.E. 603; *S. v. Fogleman,* 204 N.C. 401, 168 S.E. 536; *S. v. Harper, ante,* 62.

The entire question of the search warrant should have been ruled upon by the court and the case submitted to the jury upon the evidence of the officer who saw the nontax-paid liquor clearly visible in defendant's car and who thereupon had the duty under G.S. 18-6 to take possession of the automobile and the liquor found therein and to arrest the defendant. In this case, the officer saw and recognized the liquor in defendant's car. It then became his duty to act either with or without the aid of a search warrant. *S. v. Godette,* 188 N.C. 497, 125 S.E. 24.

On the facts found it would appear that the defendant is clearly guilty of the crimes with which he is charged, but in the light of the confusion that appears to have prevailed at the trial, the ends of justice require that there be a new trial, and it is so ordered.

New trial.