### STATE v. ALONZA HARPER.

(Filed 29 October, 1952.)

**Intoxicating Liquor § 9c: Searches and Seizures § 1—**

> When an officer of the law sees and recognizes nontax-paid intoxicating liquor in a car driven by defendant and admitted by him to be his automobile, it is the duty of the officer to arrest the defendant without a warrant and to complete the examination of the car for the purpose of discovering the extent to which defendant was engaged in the liquor traffic, and the defendant's motion to suppress the evidence obtained by the search without a warrant is feckless. G.S. 18-6.

APPEAL by defendant from *Burney, J.,* June Term, 1952, GREENE.

Criminal prosecution upon a warrant charging that the defendant did on 24 May, 1951, possess, possess for the purpose of sale, and transport nontax-paid intoxicating liquor.

This case was here on appeal at the Fall Term, 1951, *S. v. Harper,* 235 N.C. 67, and was remanded for a new trial for error committed in the use of a special verdict.

Upon the call of the case at the second trial, the defendant made a motion to suppress the State's evidence for that such evidence would be incompetent and inadmissible in that the officers' search of defendant's car was made without the aid of a search warrant. The motion was denied, defendant excepted and the trial proceeded. Several other exceptions were noted during the trial and are brought forward in the record. However, the defendant frankly admits in his brief that his appeal stands or falls upon the validity of his Honor's ruling on the motion to suppress the State's evidence.

The State's evidence tended to show these facts: While Sheriff Kirby Cobb, together with other officers, were engaged in the search of the prem-

ises of one Harvey Bowen for illicit liquor, the defendant in company with one Roy Davis drove up into the driveway of the Bowen home and stopped his automobile. The officers, upon approaching the car, smelled liquor and saw in the back seat of the car, uncovered and clearly visible, two jars of nontax-paid liquor. The lid to the boot of the car was propped open by some object or objects, which the officers later discovered were cases of illegal liquor. The passenger in defendant's car was highly intoxicated. The defendant left the car from his position in the driver's seat and in conversation with the officers admitted the ownership of both the car and the liquor. The officers then arrested the defendant and completed the examination of the car, which examination disclosed 30 gallons of nontax-paid liquor. Part of the liquor was offered in evidence for inspection and examination by the jury. The officers had no search warrant authorizing the search of the car.

Defendant offered no evidence, but moved for judgment as of nonsuit based upon the same grounds as his motion to suppress the State's evidence, which motion for nonsuit was denied.

From judgment upon the verdict of guilty upon each count, defendant appealed, assigning errors.

*Attorney-General McMullan, Assistant Attorney-General Moody, and Charles G. Powell, Jr., Member of Staff, for the State.*

*K. A. Pittman for defendant, appellant.*

VALENTINE, J. This appeal presents the single question: Did the court commit error in overruling defendant's motion to suppress the evidence of the officers who, without the use of a search warrant, discovered illegal liquor in the back seat and boot of defendant's car?

G.S. 18-6 provides: "Nothing in this section shall be construed to authorize any officer to search any automobile or vehicle or baggage of any person without a search warrant duly issued, except where the officer sees or has absolute personal knowledge that there is intoxicating liquor in such vehicle or baggage."

Officers may acquire absolute personal knowledge of the presence of liquor in an automobile through the sense of seeing, smelling, or tasting. *S. v. Godette,* 188 N.C. 497, 125 S.E. 24; *S. v. Sigmon,* 190 N.C. 684, 130 S.E. 854; *S. v. Simmons,* 192 N.C. 692, 135 S.E. 866.

Upon approaching the car, the officers smelled liquor. They looked into the car and saw and recognized two jars of contraband liquor uncovered and clearly visible on the back seat. It then became their duty under G.S. 18-6 to arrest the defendant, take his automobile in possession, and seize the liquor. *Alexander v. Lindsey,* 230 N.C. 663, 55 S.E. 2d 470, and cases there cited; *S. v. Harper,* 235 N.C. 67. The officers, upon

smelling and seeing the liquor, were in possession of sufficient personal knowledge that a crime was being committed in their presence to justify them in arresting the defendant without a warrant. *S. v. Campbell,* 182 N.C. 911, 110 S.E. 86; *Perry v. Hurdle,* 229 N.C. 216, 49 S.E. 2d 400; *Alexander v. Lindsey, supra.*

It follows that the officers, upon acquiring absolute personal knowledge that the defendant had in his possession contraband liquor, were duty bound to complete the examination of defendant's automobile for the purpose of discovering the extent to which he was engaged in the liquor traffic. There was nothing illegal or irregular about the procedure followed by the officers, and under the facts in this record, there was no necessity for a search warrant. The position here taken is greatly strengthened by the fact that the defendant, upon being approached by the officers, immediately and readily admitted the ownership and possession of both the liquor and the car and the transportation of the liquor.

The evidence offered by the State was competent and defendant's motion to suppress was properly overruled. The verdict and the judgment of the court below will be upheld.

No error.