## STATE v. CRAVEN LEACH.

(Filed 2 February, 1968.)

**1. Searches and Seizures § 1—**

Where officers approaching defendant's automobile find three jars of nontax-paid whiskey within two feet of the front right wheel, and upon shining his light upon the front of the car one officer sees two jars of liquor in the grille of the car, the officers have a right to seize the

liquor without a search warrant and the evidence obtained thereby is competent.

**2. Intoxicating Liquor § 15—**

Evidence of the State that two jars of nontax-paid whiskey were found in the grille of defendant's automobile and that defendant was seen in the immediate vicinity of the automobile at the time of discovery, *held* sufficient to show a constructive possession of the liquor, and defendant's motion for judgment as of nonsuit is properly denied.

**3. Criminal Law § 168—**

An exception to the charge will not be sustained when the charge, considered contextually, is free from prejudicial error.

APPEAL by defendant from *Canaday, J.,* Second February 1967 Regular Criminal Session of WAKE.

Defendant was charged under bill of indictment and tried for (1) possession of nontax-paid alcoholic beverages in violation of N. C. G.S. 18-48, and (2) possession of illicit liquors for the purpose of sale, in violation of N. C. G.S. 18-50. Defendant pleaded not guilty to both charges.

The State offered as a witness E. D. Whitley of the Detective Bureau, Raleigh Police Department, who testified that he knew defendant and that he had occasion to see him on 27 July 1966. At this point counsel for defendant objected and moved to suppress any further evidence as to where the officer saw defendant. Whereupon the jury was excused and a *voir dire* examination held. On *voir dire* Whitley testified, in substance, that he and other officers went to the residence of Carrie Stallings with a search warrant to search her premises. The search warrant had been issued by a desk officer. As they approached the house, defendant, who did not reside there, came to the front door. After being told that the officers wanted to speak to Carrie Stallings, he left. Shortly thereafter, the officers observed a 1955 Oldsmobile parked in the driveway outside a fence, which fence partially enclosed the yard to the residence of Carrie Stallings. Three half-gallon jars of nontax-paid whiskey were found in grass about two feet from the right front wheel of the 1955 Oldsmobile. Upon shining a flashlight on the car, they saw two jars of liquor in the grille of the car. The whiskey and the car were seized, and it was determined that the automobile belonged to defendant. Defendant later came to the police station and claimed possessions taken from the automobile. At that time he stated he knew nothing about the liquor; that he had gone to a movie, and that when he returned to the place where he had parked the car, it was gone. Defendant offered no evidence, and at the conclusion of the *voir dire* hearing the trial judge, *inter alia,* found: ". . . that said liquor was

in plain view and that a search to discover said liquor was not necessary nor required and that a search warrant as authority to search for said liquor was not required; whereupon the motion to suppress the evidence is denied."

Over defendant's objection and motion to suppress the evidence on the ground of illegal search and seizure, Whitley's testimony was essentially the same as was elicited from him on *voir dire* examination. Additionally, he identified State's Exhibit 1 as nontax-paid whiskey found in the grille of defendant's automobile, and further stated: "The first thing I did when I saw the car, I walked between the car and the bushes which were right beside of the car and when I approached the front fender and the edge of the bushes and I looked down and that is where I saw three jars of nontax-paid whiskey. . . ."

"After I picked one of the jars up and examined it, I smelled it, took the top off and smelled it. At that time, I sit the jar back down. Then I looked around the area some more and then looked in the grille of the car and saw it in the grille of the car. . . . . . The first time I saw the whiskey behind the grille and near the grille of the car, I was standing in front of the car. I was standing up looking down. I was not stooped over or anything."

The State offered evidence that a latent fingerprint was lifted from one of the jars seized and that this fingerprint and the right thumbprint of defendant, taken after his arrest, were turned over to W. M. Parker, Sr., supervisor of the Identification Bureau, City-County Bureau of Records and Identification for Wake County and the City of Raleigh.

Mr. Parker testified that in his opinion the right thumbprint and the latent fingerprint were identical to those that appeared on the fingerprint card in the files of the City-County Bureau of Identification for Craven Leach.

Defendant's motions for nonsuit made at the conclusion of the State's evidence and again after defendant offered no evidence, were denied. The jury found defendant guilty of possession of nontax-paid whiskey and not guilty of possession of nontax-paid whiskey for the purpose of sale. Defendant's motions in arrest of judgment, to set aside the verdict as being against the greater weight of the evidence, and for a new trial, were denied. Judgment was entered on the verdict.

Defendant appealed.

*Attorney General Bruton and Staff Attorney Ralph A. White, Jr., for the State.*

*Carl C. Churchill, Jr., for defendant.*

STATE *v.* LEACH.

PER CURIAM. Defendant contends that the trial court erred in admitting into evidence the nontax-paid liquor and the testimony concerning the finding and seizing of the liquor.

> "In *S. v. Coffey*, 255 N.C. 293, 121 S.E. 2d 736, the Court, after quoting the second sentence of G.S. 15-27.1, said:
>> "'To render evidence incompetent under the foregoing section, it must have been obtained (1) "in the course of . . . search," (2) "under conditions requiring a search warrant," and (3) without a legal search warrant. The purpose of this and similar enactments (G.S. 15-27) was "to change the law of evidence in North Carolina, and not the substantive law as to what constitutes legal or illegal search." Therefore a search that was legal without a warrant before these enactments is still legal, and evidence so obtained still competent. 30 N. C. Law Review 421. It will be noted that the statutes use the phrase "under conditions requiring a search warrant." No search warrant is required where the officer "sees or has absolute personal knowledge" that there is intoxicating liquor in an automobile. . . . .'" *State v. Stevens*, 264 N.C. 737, 142 S.E. 2d 588. See also *State v. Bell*, 270 N.C. 25, 153 S.E. 2d 741.

In the case of *State v. Giles*, 254 N.C. 499, 119 S.E. 2d 394, officers were pursuing a speeding automobile in the nighttime. After apprehending defendant, who had stopped the car and fled on foot, they shone a light in the back of the car and saw cases of liquor between the back seat and the "boot." The Court, holding that the officers had the right to seize the liquor without a warrant and that the evidence obtained thereby was competent, stated:

> "'Where no search is required, the constitutional guaranty is not applicable. The guaranty applies only in those instances where the seizure is assisted by a necessary search. It does not prohibit a seizure without a warrant where there is no need of a search, and where the contraband subject matter is fully disclosed and open to the eye and hand.'"

In the instant case, upon objection to admission of the nontax-paid liquor and the evidence relating thereto, the trial court conducted a lengthy *voir dire* examination, found facts, and denied the motion to suppress. This was proper, as the officer saw and had absolute personal knowledge that there was intoxicating liquor in the automobile, and no search warrant was required to make the search and seizure legal.

The trial judge correctly denied defendant's motions for nonsuit.

"Possession of nontax-paid whiskey in any quantity any-where in the State is unlawful. G.S. 18-48. *S. v. Barnhardt*, 230 N.C. 223, 52 S.E. 2d 904; *S. v. Parker*, 234 N.C. 236, 66 S.E. 2d 907. And possession, within the meaning of the statute, may be either actual or constructive. . . ." *State v. Brown*, 238 N.C. 260, 77 S.E. 2d 627.

The evidence here was sufficient to carry the case to the jury on the question of constructive possession of nontax-paid whiskey and to support the verdict of the jury.

The defendant assigned numerous errors to the charge of the court. However, reading the charge contextually, we find no reasonable cause to believe that the jury was misinformed or misled by the manner in which the law of the case was presented to the jury. *State v. Taft*, 256 N.C. 441, 124 S.E. 2d 169.

In the trial below we find no error sufficiently prejudicial to warrant a new trial.

No error.