STATE OF NORTH CAROLINA v. JACK JAMES JORDAN

No. 25

(Filed 18 November 1970)

Criminal Law § 84; Searches and Seizures § 1— search of car without warrant — seizure of burglary tools and stolen money — legality

The warrantless seizure of burglary tools, stolen money and other articles from defendant's car was lawful, and the tools, money and other articles were properly admitted in the trial of defendant for breaking and entering, larceny and safecracking, where (1) defendant was stopped and placed under arrest for running a red light, (2) a passenger in defendant's car fled when officers approached the car, (3) burglary tools were found in an area where the fleeing passenger had dropped something, (4) the arresting officer observed burglary tools on the floorboard of defendant's car and placed defendant under arrest for illegal possession thereof, and (5) the stolen money and other articles admitted in evidence were thereafter discovered by a search of the glove compartment of defendant's car.

APPEAL by defendant from decision of the Court of Appeals, reported in 8 N.C. App. 203, 174 S.E. 2d 112.

Defendant was charged in three separate bills of indictment with breaking and entering, larceny and receiving, and possession of burglary tools and safecracking. The cases were consolidated for trial and defendant entered a plea of not guilty as to each charge. Defendant offered no evidence. The jury returned a verdict of guilty as to each charge. From sentences imposed, defendant appealed to the North Carolina Court of Appeals. The Court of Appeals affirmed. Morris, J., wrote the majority decision for the panel, with Vaughn, J., concurring,

and Mallard, C.J., dissenting. Defendant appealed to this Court as a matter of right pursuant to 7A-30(2).

The opinion of the Court of Appeals contains full and accurate facts, and we will confine further recital of facts to those we deem pertinent to decision.

*Attorney General Morgan, Assistant Attorney General Melvin, and Staff Attorney Costen for the State.*

*Hubert E. Seymour, Jr., for defendant appellant.*

BRANCH, Justice.

We approve the principles and reasoning set forth in the majority opinion of the Court of Appeals. However, in view of the dissenting opinion, we deem it necessary to consider the portion of the opinion upon which the dissent was grounded.

Defendant contends that the trial judge erred in admitting evidence obtained by an illegal search of his automobile. He argues that the search was illegal because it was without search warrant, was not incident to a valid arrest, and was not from or about the person of defendant.

In the connection with the search and seizure the State offered evidence which tended to show that on 28 March 1969 at about 3:20 a.m., Officers Hightower and Cooper of the Greensboro Police force started to make a routine check of defendant's automobile, and when they turned the police car around, defendant's car ran a red light at a high speed. After the Officers had pursued the car for about a city block, the car suddenly slowed and a passenger jumped from the car and dropped something as he ran away. Officer Hightower pursued the fleeing passenger but was unable to catch him. Upon returning to the area where the person had dropped something, the officer found a small screwdriver, a pair of metal cutters, an adjustable wrench, a pair of brown cloth work gloves, punches, chisels, and a brace and bit. He then returned to defendant's car where he found defendant standing outside his car with police Officer Cooper. Officer Hightower saw a pistol, two metal flashlights, work gloves, a metal pry bar, a small crowbar, and a large screwdriver on the floorboard of defendant's automobile. Defendant was then placed under arrest for illegal possession of burglary tools, and Officer Hightower proceeded to search the glove compartment of defendant's car and

discovered $50.00 in currency and change and a small punch. Some of the change was in a wrapper marked "Florida Street Baptist Church." It was later discovered that the Florida Street Baptist Church had been broken into during the night. During this time defendant had been warned of his constitutional rights.

The majority opinion relies upon the case of *State v. McCloud,* 276 N.C. 518, 173 S.E. 2d 753, as authority for overruling this assignment of error. The defendant in *State v. McCloud* was the passenger who fled from defendant's automobile. Considering the question of search and seizure in *State v. McCloud,* this Court stated at p. 530:

> "Search of a motor vehicle made in connection with a lawful arrest for a traffic violation is lawful when it is a contemporaneous search for the purpose of finding property, the possession of which is a crime, i.e., burglary tools. Such search must be based on a belief reasonably arising from the circumstances that the motor vehicle contained the contraband or other property lawfully subject to seizure. *State v. Bell,* 270 N.C. 25, 153 S.E. 2d 741; *People v. Lopez,* 60 Cal. 2d 223, 384 P. 2d 16; *State v. Boykins,* 50 N.J. 73, 232 A. 2d 141; *Welch v. U.S.,* 361 F. 2d 214.

> "Seizure of contraband, such as burglary tools, does not require a warrant when its presence is fully disclosed without necessity of search. *State v. Giles,* 254 N.C. 499, 119 S.E. 2d 394; *State v. Bell, supra; Goodwin v. U.S.,* 347 F. 2d 793; *U.S. v. Owens,* 346 F. 2d 329; *State v. Durham,* 367 S.W. 2d 619. See also 10 A.L.R. 3d 314, for a full note and collection of cases concerning lawfulness of search of a motor vehicle following arrest for traffic violation."

The dissenting opinion upon which defendant now relies was based on the case of *Chimel v. California,* 395 U.S. 752, 23 L. ed. 2d 685, 89 S. Ct. 2034, decided June 23, 1969, where officers, without a search warrant, searched defendant's house, garage and workshop, and the Court held that since the search of defendant's home went far beyond his person and the area within which he might have obtained either a weapon or secreted something that could have been used in evidence against him, the scope of the search was unreasonable under the Fourth Amendment, and therefore defendant's conviction could not stand.

The United States Supreme Court, subsequent to decision in *Chimel v. California, supra,* considered the question of search of automobiles in the case of *Chambers v. Maroney,* 399 U.S. 42, 26 L. ed. 2d 419, 90 S. Ct. 1975, decided June 22, 1970. In that case police officers had been furnished with a description of an automobile used in a robbery and a description of the clothes worn by two of the four men seen within the automobile. Within an hour the police stopped a car carrying four passengers. The car fitted the description furnished, and two of the men were clothed as described. The police conducted a warrantless search of the automobile after removing the car to the police station. They found revolvers, ammunition and property stolen in the reported robbery. The articles found in the search were admitted into evidence. The Court, holding that the search was legally made, stated:

". . . (T)he Court has long distinguished between an automobile and a home or office. In *Carroll v. United States,* 267 U.S. 132 [69 L. Ed. 543, 45 S. Ct. 280, 39 A.L.R. 790 (1925)], the issue was the admissibility of evidence of contraband liquor seized in a warrantless search of a car on the highway. After surveying the law from the time of the adoption of the Fourth Amendment onward, the Court held that automobiles and other conveyances may be searched without a warrant in circumstances that would not justify the search without a warrant of a house or an office, provided that there is probable cause to believe that the car contains articles that the officers are entitled to seize."

The Court held that where probable cause exists to search an automobile, it is reasonable (1) to seize and hold the automobile before presenting probable cause issue to a magistrate or (2) to carry out an immediate search without a warrant. It was noted that there is little choice in practical consequences between immediate search and immobilization of the automobile until a warrant is obtained.

The decision in *State v. McCloud, supra,* on the question of search was directed solely to search of an automobile as distinguished from search of a dwelling. Relying upon the authorities therein cited and the case of *Chambers v. Maroney, supra,* and the authorities therein cited, we affirm the principles set forth in *State v. McCloud, supra,* as to search of automobiles.

The decision of the Court of Appeals is

Affirmed.