STATE OF NORTH CAROLINA v. WILLIAM CLIFTON FAISON

No. 7215SC841

(Filed 29 December 1972)

1. Searches and Seizures § 1— search of vehicle without warrant — probable cause

   A police officer had probable cause to conduct a warrantless search of defendant's station wagon for a stolen television set where the officer had investigated a breaking and entering and was told by the victim that a described television set and a Sunbeam percolator box were missing, the officer had been told to be on the lookout for a vehicle with license number R9555 in connection with another breaking and entering and defendant's vehicle had such a license, while standing outside defendant's vehicle the officer observed a Sunbeam percolator box on the rear floorboard of the vehicle, and the officer took the box out of the vehicle and found the stolen television set inside it.

2. Searches and Seizures § 3— validity of search warrant

   Search warrant obtained after defendant's arrest was valid and a search of defendant's vehicle conducted pursuant to the warrant was lawful.

3. Criminal Law § 128— motion for mistrial — intimidation of defense witness

   The trial court, after conducting a *voir dire* hearing, did not err in the denial of defendant's motion for a mistrial made on the ground that a police detective had intimidated a witness subpoenaed by defendant so that the witness would not give testimony favorable to defendant.

APPEAL by defendant from *Godwin, Judge,* at the 12 June 1972 Session of ALAMANCE Superior Court.

Defendant was tried on a bill of indictment charging him with (1) breaking and entering a dwelling house occupied by Mrs. Clyde King and (2) larceny of a Sony portable television set from said house after breaking and entering the same. He pleaded not guilty.

At trial Mrs. King gave testimony summarized in pertinent part as follows: On 17 August 1971 she lived alone at her home at 532 Circle Drive, Burlington. On that date she left her home at approximately 7:15 a.m. and went with her daughter to Cheraw, South Carolina. Before leaving she determined that all doors and screens were locked. She returned home around 6:00 that afternoon and on entering her home found that her Sony, blue and white television set bearing serial number 19368 was

missing. When she left home that morning the TV set was in her breakfast room. On returning home she found the front door open, a back window screen was pulled open and unfastened, the basement door was unlocked, dresser drawers were pulled out and bed clothing was disarranged. She did not give anyone permission to enter her home on that date. On finding that her home had been entered, she telephoned her daughter and police.

Other pertinent evidence provided by Mrs. King and other witnesses is hereinafter set forth.

Defendant offered no evidence. The jury returned a verdict finding defendant guilty as charged and from judgment imposing prison sentences, defendant appealed.

*Attorney General Robert Morgan by (Miss) Christine A. Whitcover, Associate Attorney, for the State.*

*John D. Xanthos for defendant appellant.*

BRITT, Judge.

By his assignments of error Nos. 1-6, defendant contends the court erred in admitting the testimony of Officer Gregory relative to the initial search of the station wagon occupied by defendant and admitting into evidence the television set taken from the station wagon.

Testimony of Officer Gregory pertinent here is summarized as follows: On 17 August 1971 he was employed by the Burlington Police Department. At approximately 6:15 p.m. he went to the home of Mrs. Clyde King. Mrs. King's home had been broken into and entered, disarranged, and a small Sony blue and white television set was missing. After staying at the King home some 10 minutes, Mr. Gregory left in a police car; a few minutes later he saw a 1968 blue Ford station wagon drive onto the premises of a "Serve Yourself Car Wash." Mr. Gregory drove onto the premises behind the station wagon, got out of the police car and walked over to the driver's side of the vehicle. Two people were in the station wagon, Lawrence Smit being in the driver's position and defendant being on the passenger side of the front seat. Gregory asked Smit for his driver's license and Smit said that he did not have his license with him. Defendant told Gregory that he was the owner of the station wagon but did not have a registration card; that he had

the title to the vehicle in the glove compartment. As he stood beside the station wagon, Gregory could see inside and saw a Sunbeam percolator box on the back floorboard behind the front seat. Defendant gave Gregory permission to search the vehicle. Gregory took the Sunbeam percolator box out of the station wagon, opened it and inside was Mrs. King's Sony blue and white television set.

Thereafter, Gregory arrested Smit for operating a motor vehicle without a valid operator's license and for possession of a concealed weapon. He arrested defendant for allowing an unlicensed driver to operate a motor vehicle.

Other testimony presented by the State, either before the jury or on the voir dire hereafter referred to, tended to show: Some two days before Mrs. King's residence was broken into, a residence on Chapel Hill Road in Burlington was broken into and entered. Pursuant to investigation in that case, Detective Dunevant of the Burlington Police Department caused a bulletin to be published directing all Burlington police officers to be on the lookout for a 1968 Ford automobile bearing license number R 9555. The vehicle stopped by Officer Gregory was bearing NC 1971 license number R 9555. Det. Dunevant arrived at the car wash when Officer Gregory was removing the Sony TV set from the Sunbeam percolator box and immediately thereafter advised defendant and Smit they would be charged with breaking into and entering Mrs. King's residence and stealing her TV set. Officer Gregory did not have a search warrant when he removed the TV set from the station wagon.

Constitutional rights of a defendant are not violated by a warrantless search unless the search is unreasonable. *State v. Robbins,* 275 N.C. 537, 169 S.E. 2d 858 (1969). Evidence obtained pursuant to the search of an automobile with the permission of the one in possession is competent against him and the occupants. *State v. Hamilton,* 264 N.C. 277, 141 S.E. 2d 506 (1965). In the instant case, however, defendant argues that under *State v. Vestal,* 278 N.C. 561, 180 S.E. 2d 755 (1971) he was entitled to a voir dire which he requested to determine if his consent to a search of the car was freely and voluntarily given.

[1] Needless to say, legal doubt could have been removed if the trial court had granted the voir dire as was done in *State v. Grant,* 279 N.C. 337, 182 S.E. 2d 400 (1971). However, we

think the search of the car challenged here was valid and the evidence obtained from the car was admissible on grounds other than the consent of defendant.

In *State v. Simmons*, 278 N.C. 468, 471, 180 S.E. 2d 97 (1971), our Supreme Court said:

> "Automobiles and other conveyances may be searched without a warrant under circumstances that would not justify the search of a house, and a police officer in the exercise of his duties may search an automobile or other conveyance without a search warrant when the existing facts and circumstances are sufficient to support a reasonable belief that the automobile or other conveyance carries contraband materials. *Carroll v. U.S.*, 267 U.S. 132, 69 L.Ed. 543, 45 S.Ct. 280; *Chambers v. Maroney*, 399 U.S. 42, 26 L.Ed. 2d 419, 90 S.Ct. 1975; *State v. McCloud*, 276 N.C. 518, 173 S.E. 2d 753; *State v. Jordan*, 277 N.C. 341, 177 S.E. 2d 289; *Ramsey v. United States*, 27 F. 2d 502."

In *Simmons*, the police knew defendant by name and were looking for his car; on locating his car, police blocked its path and defendant tried to flee by backing into a police car; while removing defendant from his vehicle, police saw therein several plastic jugs of a type which they knew was commonly used as a container for non-taxpaid whiskey; the court held that although the police could not see the contents of the jugs they had reasonable cause to believe that the jugs contained non-taxpaid whiskey and lawfully seized the same without a warrant.

In the instant case, the evidence showed: Officer Gregory had been to Mrs. King's home, talked with her and otherwise investigated the breaking and entering of, and larceny from, her home. She testified that not only was the television set missing but a Sunbeam percolator box was also missing. Officer Gregory had been directed to be on the lookout for a 1968 Ford bearing license number R 9555 and within minutes after leaving Mrs. King's home saw an automobile bearing that license number. He drove up behind the vehicle and proceeded to talk with the two occupants. While standing outside the station wagon, during daylight hours, talking with defendant and his companion, Mr. Gregory saw a Sunbeam percolator box on the rear floorboard of the station wagon. We hold that the officer had reasonable cause to believe that the box contained the stolen

television set and no warrant was required for him to search the automobile. The assignments of error are overruled.

[2]   By his next assignment of error defendant challenges the validity of a search warrant obtained by Det. Dunevant some three hours after the arrest of defendant and the introduction into evidence of a screwdriver, two pairs of gloves, a pair of socks, a Burlington Telephone Directory, a Burlington City Directory and a composition book obtained from the Ford station wagon pursuant to the search warrant. The court, following a voir dire, made findings of fact and concluded as a matter of law that the warrant was valid and the evidence admissible. We hold that the court did not err and the assignment of error is overruled.

[3]   Defendant assigns as error the failure of the court to grant his motion for a mistrial, interposed at the close of the State's evidence, contending that Lawrence Smit who was subpoenaed as a witness for defendant was intimidated by Det. Dunevant to the extent that he would not give testimony favorable to defendant. The record discloses that at the time of defendant's trial Smit was in prison in Raleigh and was taken to Alamance County pursuant to a court order obtained at defendant's request. When defense counsel moved for a mistrial, the court conducted a voir dire in the absence of the jury.

Smit and Det. Dunevant testified at the voir dire. Smit testified that on the morning of defendant's trial, while he (Smit) was in the Alamance County Jail, Det. Dunevant visited him and reminded him that the solicitor had nol prossed with leave some seven cases against him; that although Det. Dunevant did not threaten him that he considered the visit an indirect threat that he would be prosecuted in the other cases if he testified for defendant. Det. Dunevant testified that he visited Smit in the jail, reminded Smit of the several statements that Smit had made to him implicating defendant and that Smit told him he was familiar with the law against perjury. Det. Dunevant testified that the conversation lasted not more than five minutes, that it was friendly in every respect and that he did not do or say anything that was calculated to threaten or intimidate Smit.

The record fails to reveal what defendant contends Smit would have testified to if Det. Dunevant had not talked with him.

Following the voir dire the trial court made findings of fact and conclusions to the effect that Smit had not been threatened or intimidated and denied defendant's motion for a mistrial.

We have carefully reviewed the record covered by this assignment of error and can perceive no prejudice to defendant, therefore, the assignment of error is overruled.

We have considered the other assignments of error brought forward and argued in defendant's brief but find them to be without merit.

No error.

Judges PARKER and VAUGHN concur.