State v. Blythe

---

STATE OF NORTH CAROLINA v. ALLEN RICHARD BLYTHE AND DANIEL LESTER BRYSON

No. 8630SC1186

(Filed 21 April 1987)

**Receiving Stolen Goods § 2— indictments charging receiving stolen goods—conviction for possession of stolen goods—invalid**

The trial court lacked authority to try, convict and sentence defendants for possession of stolen goods on indictments which charged that defendants "did receive and have" stolen firearms. Receiving stolen goods and possession of stolen goods are separate and independent statutory offenses under N.C.G.S. 14-71 and N.C.G.S. 14-71.1, neither of which is a lesser included offense of the other; the indictment of defendant Blythe specifically charged him

with violation of N.C.G.S. 14-71, which makes it a crime to receive stolen goods; an indictment containing identical "receive and have" language has been held sufficient to charge one with receiving stolen goods; defendants had no reason to believe they were being charged with anything other than receiving stolen goods in violation of N.C.G.S. 14-71; and "receive" and "possess" are material words which must be used in indictments to distinguish the two offenses, while the word "have" is surplusage.

ON certiorari to review judgments of *Burroughs, Judge.* Judgments entered 19 January 1984 in Superior Court, HAYWOOD County. Heard in the Court of Appeals 6 April 1987.

The Haywood County grand jury returned the following true bill of indictment:

INDICTMENT — RECEIVING STOLEN GOODS — 83CRS4415

STATE OF NORTH CAROLINA       In the General Court of Justice
HAYWOOD COUNTY                Superior Court Division

STATE
   v
ALLEN RICHARD BLYTHE

Date of Offense:   May 29, 1983
Offense in Violation of G.S. 14-71

    The jurors for the State upon their oath present that on or about the date of offense shown and in the county named above the defendant named above unlawfully, willfully, and feloniously did receive and have 9 rifles and/or shotguns (see list attached) and 4 pistols of unknown brand and serial numbers, the personal property of Walter Wells valued at $2000.00, knowing and having reasonable grounds to believe the property to have been feloniously stolen, taken and carried away pursuant to a violation of section 14-54 of the Gen. Statutes of North Carolina.

An identical bill of indictment was returned as to defendant Bryson, except that the statutory reference was omitted. Both defendants pleaded not guilty. A jury returned verdicts finding each defendant guilty of felonious possession of stolen goods and

the trial court sentenced each defendant to an active prison term. After entry of the judgments but before expiration of the session, defendants moved to arrest judgment on the ground that they could not be convicted of possession of stolen goods when they were charged with receiving stolen goods. The court denied the motion. Both defendants gave notice of appeal, however, their appeals were subsequently dismissed due to the failure of their alleged counsel to properly serve a record on appeal.

On 30 June 1986, defendants, through their present counsel, filed a motion for appropriate relief, alleging that they were denied effective assistance of counsel in connection with their direct appeal, and, after an evidentiary hearing, the trial court so found. This Court granted certiorari on 7 July 1986 to review defendants' trial as upon direct appeal.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General T. Buie Costen, for the State.*

*Reid G. Brown, for defendant-appellants.*

MARTIN, Judge.

The single issue presented by this appeal is whether defendants could properly be convicted of possession of stolen goods based upon the indictments returned against them. For the following reasons, we hold that the trial court erred in submitting to the jury the issue of defendants' guilt of the offense of possession of stolen goods and in denying defendants' motion to arrest judgment.

Receiving stolen goods and possession of stolen goods are separate and independent statutory offenses under G.S. 14-71 and 71.1, neither of which is a lesser-included offense of the other. *State v. Davis*, 302 N.C. 370, 275 S.E. 2d 491 (1981). Our Supreme Court has held, therefore, that a defendant cannot be convicted of possession of stolen goods on an indictment charging him with receiving stolen goods. *Id.*

The purpose of an indictment is (1) to give the defendant notice of the charge against him in plain intelligible and explicit language so that he may prepare his defense and be in a position to plead former acquittal or former conviction in the event he is

again brought to trial for the same offense; and (2) to enable the court to pronounce judgment in the event of a conviction. *State v. Dorsett*, 272 N.C. 227, 158 S.E. 2d 15 (1967); *State v. McBane*, 276 N.C. 60, 170 S.E. 2d 913 (1969). The indictments in the present case are captioned "Receiving Stolen Goods." The indictment of defendant Blythe specifically charges him with violation of G.S. 14-71, which makes it a crime for one to receive stolen goods. The bodies of the indictments charge that defendants did "receive and have" stolen goods. An indictment containing identical "receive and have" language has been held sufficient to charge one with receiving stolen goods. *State v. Matthews*, 267 N.C. 244, 148 S.E. 2d 38 (1966). Defendants had no reason to believe that they were being charged with anything other than receiving stolen goods in violation of G.S. 14-71.

The State argues, however, that the use of the word "have" in the indictments was sufficient to charge defendants with possession of stolen goods in violation of G.S. 14-71.1. We disagree. As noted, *supra*, both receiving stolen goods and possession of stolen goods are offenses created by statute. "Where the words of a statute are descriptive of the offense, the indictment should follow the language and expressly charge the described offense on the defendant, so as to bring it within all the *material words* of the statute." (Emphasis added.) *State v. Liles*, 78 N.C. 496, 498 (1878); *State v. Gibbs*, 234 N.C. 259, 66 S.E. 2d 883 (1951). The statutory provisions of G.S. 14-71 and 71.1 are identical except for the substitution of the words "possess" and "possessor" in G.S. 14-71.1 for the words "receive" and "receiver" in G.S. 14-71. *State v. Davis*, *supra*. The words "receive" and "possess" are thus material words which must be used in indictments to distinguish the two offenses. The word "have" in the present indictment is surplusage.

The court lacked jurisdiction to try, convict and sentence defendants for possession of stolen goods on indictments charging them with receiving stolen goods. The defendants' judgments must be arrested.

Judgments arrested.

Judges WELLS and JOHNSON concur.