STATE OF NORTH CAROLINA v. DANNY KEITH MARTIN

No. 896SC160

(Filed 16 January 1990)

### 1. Criminal Law § 67 (NCI4th)— misdemeanor tried in superior court—no jurisdiction—judgment arrested

Defendant's conviction of misdemeanor possession of drug paraphernalia must be arrested where the record showed that defendant was tried in superior court upon a warrant charging him with misdemeanor possession of drug paraphernalia; the record did not show that defendant was ever tried in district court on that charge; and the record failed to show that this misdemeanor charge was sufficient to give rise to the superior court's exercise of derivative jurisdiction.

**Am Jur 2d, Criminal Law § 358.**

### 2. Receiving Stolen Goods § 2 (NCI3d)— felonious possession of stolen property—indictment—language regarding dishonest purpose not required

There was no merit to defendant's contention that an indictment charging him with felonious possession of stolen property improperly omitted language regarding "dishonest purpose" and that judgment must therefore be arrested, since defendant was tried and convicted pursuant to N.C.G.S. § 14-71.1, and the words "dishonest purpose" did not appear in the statute and thus were not considered material words of the statute which must be used in the indictment.

**Am Jur 2d, Receiving Stolen Property §§ 10, 17.**

### 3. Receiving Stolen Goods § 5.1 (NCI3d)— felonious possession of stolen property—sufficiency of evidence

In a prosecution of defendant for felonious possession of stolen property, evidence was sufficient to be submitted to the jury where it tended to show that the pattern of silver shown to an officer by the victim's daughter was identical to the pattern of the silver found on the same day in defendant's car trunk; the victim's daughter testified that she checked on her parents' home, discovered that the house had been broken into, and found the silver was missing; the missing silver had an approximate value of $3,000; and defendant's

STATE v. MARTIN

[97 N.C. App. 19 (1990)]

knowledge that the silver was stolen could be inferred from evidence that defendant told the investigating officer that he would disclose where he got the silver and get it back if all charges were dropped; he further stated that he dealt in stolen goods but that he would not have taken the silver if he had known where it had come from; and defendant admittedly accepted stolen property as payment for cocaine and stated that the victim's son owed him $200 for cocaine.

**Am Jur 2d, Receiving Stolen Property §§ 20, 21, 23, 25, 27, 29, 30.**

4. **Searches and Seizures § 9 (NCI3d)— car stopped for traffic violation—officer's observation of vials—probable cause to search trunk and contents**

An officer had probable cause to search defendant's car trunk and its contents where the officer stopped the vehicle in which defendant was a passenger for a routine traffic violation and the officer, upon approaching the car, noticed empty vials which he recognized as items used in the trafficking of drugs.

**Am Jur 2d, Searches and Seizures § 39.**

5. **Narcotics § 3.3 (NCI3d)— vials in defendant's car—officer's testimony as to use admissible**

An officer could properly testify as to the use of vials found in defendant's car as drug trafficking devices.

**Am Jur 2d, Drugs, Narcotics, and Poisons § 46.**

6. **Receiving Stolen Goods § 4 (NCI3d)— felonious possession of stolen property—testimony admissible to show motive**

In a prosecution of defendant for felonious possession of stolen property, the trial court did not err in admitting the testimony of the son of the owner of the stolen property that he, the son, was indebted to defendant, since the evidence was properly admitted to illustrate a possible motive.

**Am Jur 2d, Receiving Stolen Property § 10.**

APPEAL by defendant from judgment entered 9 November 1988 by *Judge Samuel T. Currin* in HERTFORD County Superior Court. Heard in the Court of Appeals 1 September 1989.

Defendant was tried and convicted of felonious possession of stolen property (case No. 82CRS810) and possession of drug parapher-

nalia (case No. 88CRS815). From a judgment imposing an active sentence of ten years for felonious possession of stolen property and a suspended sentence of two years for possession of drug paraphernalia, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorneys General John R. Corne and Melissa L. Trippe, for the State.*

*McMillan, Kimzey & Smith, by Katherine E. Jean, for defendant-appellant.*

JOHNSON, Judge.

The facts in the case are as follows: On March 2, 1988, Officer Tim McKibben of the Murfreesboro Police Department stopped a vehicle for a routine traffic violation. As he (Officer McKibben) approached the car to ask for the driver's license, empty vials were spotted between the driver and passenger seats. Officer McKibben had seen similar vials used in the sale of cocaine. Upon informing the defendant, the registered owner and passenger of the car, that he (Officer McKibben) had probable cause to search the entire car, no protest ensued.

A search of the trunk revealed a dark reddish wooden box with velvet lining which contained silver knives, forks, spoons and serving pieces. Defendant thereafter informed Officer McKibben that the silver belonged to his first wife. Finding no cause to detain the defendant, he was released and the silver was not seized.

Later that evening, Officer McKibben learned of a breaking and entering at the home of G.B. and Jeanette Warren and offered assistance to the Northampton County Police. While at the Warren house, Officer McKibben was informed by Alice Shackleford, Mr. Warren's daughter, that her stepmother's (Jeanette Warren) silver had been taken. After explaining that her father and stepmother were in Florida and that she was looking after the house in their absence, Mrs. Shackleford showed the officer a piece of silver which remained at the house. Officer McKibben later testified that the pattern of the silver shown to him by Mrs. Shackleford was identical to the pattern of the silver found earlier in defendant's car trunk.

An arrest warrant for possession of stolen property was obtained by Officer McKibben and defendant was arrested on March 16, 1988.

While executing the arrest warrant, a loaded gun and some empty vials were found on defendant's person. Defendant was taken to the Murfreesboro Police Department and advised of his constitutional rights. Defendant asserted full understanding of his rights and declined to make a written statement. He did, however, sign the Miranda form above the waiver of rights and initiated a conversation with Officer McKibben.

During the conversation, defendant told Officer McKibben that he would disclose where he got the silver from and would get it back if all charges were dropped. Defendant also proclaimed that he did not break into homes, but merely accepted some items for cocaine and, on occasion, bought goods cheap. In addition, defendant told the officer that Darrin Bridgers (Jeanette Warren's son) owed him $200.00 for cocaine he had purchased from defendant prior to March 2, 1988.

At trial, defendant presented no evidence.

On appeal, defendant brings forth sixteen questions for the Court's review. Defendant's sixteen assignments of error relate to both the felonious possession of stolen property and the misdemeanor possession of drug paraphernalia charges of which he was convicted. This Court will first address the questions relating to the misdemeanor possession of drug paraphernalia.

Defendant, by his third, fifteenth and sixteenth Assignments of Error, presents the questions of whether the trial court erred in: (1) submitting the misdemeanor possession of drug paraphernalia charge to the jury, (2) imposing a two-year suspended sentence upon the defendant's misdemeanor conviction, and (3) placing a burdensome condition on the defendant's suspended sentence. We find these assignments of error to have merit.

[1] We first note that the Hertford County Superior Court lacked proper jurisdiction over the misdemeanor possession of drug paraphernalia charge. "Exclusive original jurisdiction of all misdemeanors is in the district courts of North Carolina. The jurisdiction of the superior court . . . [over] a misdemeanor, unless a circumstance enumerated in G.S. 7A-271(a) arises, is a derivative and arises only upon appeal from a conviction of the misdemeanor in district court." State v. Felmet, 302 N.C. 173, 174-75, 273 S.E.2d 708, 710 (1980); see also G.S. sec. 7A-271 and G.S. sec. 7A-272. Generally, the superior court has no jurisdiction to try a defendant

on a misdemeanor charge unless he was first tried, convicted and sentenced in district court and then appeals the judgment for a trial *de novo* in superior court. *State v. Hall*, 240 N.C. 109, 81 S.E.2d 189 (1954). As a general rule, "when the record shows lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority." *Felmet, supra,* at 176, 273 S.E.2d at 711.

In the case before us, the record shows that defendant was tried in the Hertford County Superior Court upon a warrant charging him with misdemeanor possession of drug paraphernalia. The record does not show, however, that defendant was ever tried in district court on this charge. The record also fails to show that this misdemeanor charge is sufficient to give rise to the Hertford County Superior Court exercising derivative jurisdiction. The defendant's conviction of misdemeanor possession of drug paraphernalia must therefore be arrested.

Turning now to defendant's assignments of error regarding his conviction of felonious possession of stolen property, we find no error.

[2] Defendant's Assignment of Error number one challenges the validity of the indictment charging him with felonious possession of stolen property. We have reviewed the indictment and find defendant's contention that the judgment must be arrested because the indictment omitted language regarding "dishonest purpose" is without merit. This Court has previously held that

> [t]he purpose of an indictment is (1) to give the defendant notice of the charge against him in plain intelligible and explicit language so that he may prepare his defense and be in a position to plead former acquittal or former conviction in the event he is again brought to trial for the same offense; and (2) to enable the court to pronounce judgment in the event of a conviction.

*State v. Blythe*, 85 N.C. App. 341, 343, 354 S.E.2d 889, 890 (1987). Possession of stolen property is an offense created and governed by statute. "Where the words of a statute are descriptive of the offense, the indictment should follow the language and expressly charge the described offense on the defendant, so as to bring it

within all the *material words* of the statute." (Emphasis added.) *Id.* at 344, 354 S.E.2d at 891.

Defendant was tried and convicted pursuant to G.S. sec. 14-71.1 which provides:

> [i]f any person shall possess any chattel, property, money, valuable security or other thing whatsoever, the stealing or taking whereof amounts to larceny or a felony, either at common law or by virtue of any statute made or hereafter to be made, such person knowing or having reasonable grounds to believe the same to have been feloniously stolen or taken, he shall be guilty of a criminal offense.

The words "dishonest purpose" do not appear in the statute and thus are not considered "material words of the statute" which must be used in the indictment. This assignment of error is therefore overruled.

[3] By Assignment of Error number two, defendant contends that the evidence presented at trial was insufficient to support his conviction of felonious possession of stolen property, and therefore, the trial court erred by denying his motion to dismiss.

We first note that "when a defendant moves for dismissal, the trial court must determine whether there is substantial evidence of each essential element of the offense charged . . . and of the defendant being the one who committed the crime. If that evidence is present, the motion to dismiss is properly denied." *State v. Bullard*, 312 N.C. 129, 160, 322 S.E.2d 370, 387 (1984). Substantial evidence is any relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980).

In determining whether the State presented sufficient evidence to sustain the denial of a motion to dismiss, all evidence must be viewed and considered

> in the light most favorable to the State, and the State is entitled to . . . every reasonable inference to be drawn therefrom . . . Contradictions and discrepancies are for the jury to resolve . . . All of the evidence actually admitted, whether competent or incompetent, which is favorable to the State is considered by the Court. . . . If there is substantial evidence — whether direct, circumstantial, or both — to support

a finding that the offense charged has been committed and that defendant committed it, a case for the jury is made.

*State v. Thompson*, 59 N.C. App. 425, 427, 297 S.E.2d 177, 179 (1982).

The State has the burden of proving, beyond a reasonable doubt, every essential element of the charge of felonious possession of stolen property. G.S. secs. 14-71.1 and 14-72 articulate the essential elements which must be proven. These elements are: (1) possession of personal property; (2) having a value in excess of $400.00; (3) which has been stolen; (4) the possessor knowing or having reasonable grounds to believe the property was stolen; and (5) the possessor acting with a dishonest purpose. *See also* N.C.P.I.— Crim. sec. 216.47.

In applying the foregoing elements which must be proved to sustain a charge of felonious possession of stolen property to the facts in this case, this Court finds no error in the trial court's denial of defendant's motion to dismiss at the close of all evidence. Utilizing the standard referred to in *Thompson, supra,* the State's evidence, when it is viewed in a favorable light and when every reasonable inference is given, tends to prove the requisite elements of felonious possession of stolen property. The evidence also tends to prove that the defendant, in fact, committed the crime.

The following facts clearly illustrate and support the trial court's finding that sufficient evidence was presented to sustain a G.S. sec. 14-71.1 violation.

Officer McKibben testified that the pattern of the silver shown to him by Mrs. Shackleford was identical to the pattern of the silver found on the same day in defendant's car trunk. Testimony elicited from Mrs. Shackleford established that she checked on her parent's home; discovered that the house had been broken into; and found the silver was missing. This evidence clearly tends to prove defendant had possession of the Warren's personal property (the silver) and such possession was without permission.

Testimonial evidence presented at trial also established that the missing silver had an approximate value of $3,000.00. Thus, this evidence satisfies that statutory requirement that the personal property have a value in excess of $400.00.

With respect to the third element requiring the possessor to know or have reasonable grounds to believe the property was stolen,

defendant told Officer McKibben that he would disclose where he got the silver from and get it back if all charges were dropped. He further stated that he dealt in stolen goods, but that he would not have taken it (the silver) if he had known where it had come from. Admittedly, defendant accepted stolen property as payment for cocaine and that Darrin Bridgers (Jeanette Warren's son) owed him $200.00. Since the State is entitled to every reasonable inference to be drawn from the evidence, we are of the opinion that the facts provide reasonable grounds to believe defendant knew the silver was stolen.

Lastly, with respect to the statutory elements, the State presented sufficient evidence to support a finding that defendant was acting with a dishonest purpose. Among the factors we considered in making this determination were the defendant's: (1) acknowledgment of dealing in stolen property, (2) acceptance of stolen property for cocaine, and (3) statements that he would disclose where he got the silver from and would get it back if all charges were dropped.

Thus, substantial evidence was presented to support the charge of felonious possession of stolen property and the contention that defendant committed the crime.

Defendant's Assignments of Error numbered four, five, six, seven and eight basically challenge the *voir dire* examination concerning defendant's in-custody statement and the manner in which it was conducted. We have reviewed the *voir dire* examination and find that defendant's in-custody statements were properly admitted since they were freely and voluntarily made.

Because we have previously addressed these matters, we feel they do not necessitate an exhaustive discussion. However, we are compelled to set out the established principles surrounding the admissibility of in-custody statements following a *voir dire* examination.

We note on the outset that *Miranda v. Arizona*, 384 U.S. 436, 16 L.Ed.2d 694, 86 S.Ct. 1602 (1966), points out the rules governing the admissibility of in-custody statements made by an accused. These rules provide that an accused must be advised

(1) that he has a right to remain silent; (2) that anything he says can and will be used against him in court; (3) that he has a right to consult with a lawyer and to have a lawyer

with him during interrogation; (4) that if he is an indigent a lawyer will be appointed to represent him; and (5) that if he at any time prior to or during questioning indicates that he wishes to stop answering questions or to consult with an attorney before speaking further, the interrogation must cease.

*State v. Riddick*, 291 N.C. 399, 408, 230 S.E.2d 506, 512 (1976). A statement will be rendered incompetent if involuntarily made. *Id.*

"When the admissibility of an in-custody confession is challenged[,] the trial judge must conduct a *voir dire* to determine whether the requirements of *Miranda* have been met and whether the confession was in fact voluntarily made." *Id.* "At the conclusion of the hearing, the trial judge should make findings of fact setting out the basis for his ruling." *State v. White*, 298 N.C. 430, 436, 259 S.E.2d 281, 285 (1979). Where the trial judge finds upon competent evidence that defendant's statements were made freely and voluntarily after having been fully advised of his constitutional rights, such a finding is conclusive and will not be disturbed on appeal. *Id.* at 436-37, 259 S.E.2d at 285.

Upon conducting a *voir dire*, the burden of proof is always placed on the State. "Ordinarily the party with the burden of persuasion is required to present evidence first, but the trial court in its discretion may depart from this general rule if the court 'considers it necessary to promote justice.' (citation omitted). Such a departure is not grounds for reversal unless the court abuses its discretion and the defendant establishes he was prejudiced thereby. (citation omitted)." *State v. Cheek*, 307 N.C. 552, 557, 299 S.E.2d 633, 637 (1983).

Our Supreme Court has held that the requiring of a "defendant to present his evidence first . . . [is] not prejudicial error when neither the burden of persuasion nor the burden of going forward with the evidence . . . was placed on defendant." *Id.*

Finding that all of these well-settled principles were both implemented and the bases of the trial judge's decision to admit defendant's in-custody statements, we find no further need for discussion.

[4] By Assignment of Error number nine, defendant contends that the admission of Officer McKibben's testimony as to the silver he found in defendant's car trunk violated his constitutional rights since the search was unlawful.

STATE v. MARTIN

[97 N.C. App. 19 (1990)]

"Automobiles . . . may be searched without a warrant . . . and a police officer in the exercise of his duties, may search an automobile . . . without a search warrant where existing facts and circumstances are sufficient to support a reasonable belief that the automobile . . . carries contraband materials." *State v. Simmons*, 278 N.C. 468, 471, 180 S.E.2d 97, 99 (1971).

> If [a] search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of the circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid.

*United States v. Ross*, 456 U.S. 798, 805, 72 L.Ed.2d 572, 102 S.Ct. 2157 (1982) (*quoting Carroll v. United States*, 267 U.S. 132, 149, 69 L.Ed. 543, 45 S.Ct. 280 (1921)).

In analyzing the scope of a warrantless search of a vehicle when an officer has probable cause that contraband is secreted, the U.S. Supreme Court stated that "[i]f probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of *every part* of the vehicle and its contents that may conceal the object of the search." *See id.* at 825, 72 L.Ed.2d 572, 102 S.Ct. 2157. (Emphasis added.)

In viewing the "totality of the circumstances" to question the reasonableness of the seizure, we weigh the officer's articulated reasons as " 'through the eyes of a reasonable and cautious police officer on the scene, guided by his experience and training.' " *State v. Thompson*, 296 N.C. 703, 706, 252 S.E.2d 776, 779, *cert. denied*, 444 U.S. 907, 62 L.Ed.2d 143 (1979).

In the case at bar, Officer McKibben stopped the vehicle in which defendant was a passenger for a routine traffic violation. Upon approaching the car and noticing empty vials, which were recognized as being used for trafficking drugs, Officer McKibben informed defendant that he had probable cause to search the car. Pursuant to *Ross*, the probable cause here, which developed following a lawful vehicle stop, justifies the search of defendant's car trunk and its contents. We therefore find no error.

[5] In his tenth Assignment of Error, defendant contends that the admission of Officer McKibben's testimony as to the use of the vials as drug trafficking devices was in error and such testimony was inadmissible as lay opinion. We disagree.

STATE v. MARTIN

[97 N.C. App. 19 (1990)]

It is appropriate for law enforcement officers to testify as to various customs and practices observed by them in the exercise of their duties as officers. *Simmons, supra,* at 468, 180 S.E.2d at 90. The subsequent testimony of Officer McKibben concerning the general use of the vials he spotted in the car was therefore properly admitted.

Defendant's next argument that the trial court erred in admitting evidence that the defendant was in possession of a loaded handgun at the time of arrest is meritless and no discussion is needed. Suffice it to say that when evidence has been admitted without objection, the benefit of later objections is ordinarily lost. *State v. Murray,* 310 N.C. 541, 545, 313 S.E.2d 523, 527 (1984).

[6] The last of the defendant's questions that this Court will address is whether the trial court erred in admitting the testimony of Darrin Bridgers.

We must disagree with defendant's interpretation of G.S. sec. 8C-1, Rule 403 and Rule 404(b). Rule 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Rule 404(b) provides that

[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake, entrapment or accident.

The testimony of Darrin Bridgers that he was indebted to the defendant was properly admitted to illustrate a possible motive. A weighing of the testimonial evidence and a following of the mandates of Rule 403 establishes that the probative value of Darrin Bridgers' debt to the defendant substantially outweighs the danger of unfair prejudice against the defendant. We therefore hold that the trial court did not commit error in admitting the testimony of Darrin Bridgers.

In light of defendant's other assignments of error and our holdings, we have considered, but found no merit to his contention that the trial court erred in instructing the jury on the doctrine of recent possession. Assignment of Error numbered thirteen is therefore not discussed.

SCREAMING EAGLE AIR, LTD. v. AIRPORT COMM. OF FORSYTH COUNTY

[97 N.C. App. 30 (1990)]

In summary,

Case No. 88CRS810—no error.

Case No. 88CRS815—judgment arrested.

No error in part; judgment arrested in part.

Judges EAGLES and GREENE concur.