STATE OF NORTH CAROLINA v. JOEY DUANE SCOTT

No. COA06-300

(Filed 5 December 2006)

## 1. Evidence— privileged information—sealed records

A de novo review by the Court of Appeals in a multiple sex offense and habitual felon case of the sealed records of Guilford School Health Alliance and Family Services of the Piedmont and the pertinent notes revealed that the trial court did not err by denying defendant access to these records, because: (1) the records did not contain information favorable to defendant which would be material to his guilt or punishment; and (2) no reasonable probability existed that if this material was made available to defendant that the outcome of his trial would have been different.

## 2. Sentencing— prior record level—stipulation through counsel

The trial court did not or err in a multiple sex offense and habitual felon case by determining defendant's prior record level allegedly in the absence of a stipulation, because:(1) defense counsel stipulated to defendant's prior convictions, and that for habitual felon status he was a prior record level IV and for non-habitual felon status he was a prior record level V; and (2) although the record in this case did not contain the second sheet of either of the two worksheets signed by the trial judge that would contain a listing of defendant's convictions and the dates of the convictions, it is incumbent upon defendant to present a complete record to the appellate court which would allow it to review all errors presented by defendant.

Appeal by defendant from judgment entered 25 August 2005 by Judge Steve A. Balog in Guilford County Superior Court. Heard in the Court of Appeals 1 November 2006.

*Roy Cooper, Attorney General, by Anita LeVeaux, Assistant Attorney General, for the State.*

*D. Tucker Charns for defendant-appellant.*

STEELMAN, Judge.

Defendant appeals his convictions for multiple sex offense charges and the two judgments sentencing him as an habitual

felon. Defendant requests that this Court review sealed records of counseling and treatment sessions for one of the victims. He also contends that the trial court improperly determined his prior record level. For the reasons stated herein, we find no error.

Defendant was indicted and found guilty by a jury of one count of statutory sex offense and three counts of taking indecent liberties with a child. The victims in each of these cases were defendant's step-daughters. Following the return of the jury verdicts, defendant pled guilty to two counts of being an habitual felon under N.C. Gen. Stat. § 14-7.1. Defendant was sentenced to two concurrent active terms of imprisonment; 133-169 months for the habitual felon and indecent liberties convictions, and 360-441 months for the statutory sex offense.

During the course of these proceedings in the superior court, Judge Henry E. Frye, Jr., reviewed counseling and treatment records of one of the victims from Guilford School Health Alliance and Family Services of the Piedmont and on 15 August 2005, entered an order finding that they contained "no evidence of exculpatory nature," and therefore should be sealed. At the trial, Kristin Waltz, a counselor at Guilford Health School Alliance testified. She made handwritten notes of records that she found to be missing. Judge Balog reviewed the Guilford School Health Alliance records and the handwritten notes of Ms. Waltz and found nothing contained therein to be exculpatory. These sealed records have been forwarded to this Court for review. Defendant appeals the two judgments.

[1] In his first argument, defendant requests that this Court review the sealed records of Guilford School Health Alliance and Family Services of the Piedmont and Ms. Waltz's notes to determine whether they contain information favorable to defendant which would be material to his guilt or punishment. We have conducted this review and find there to be no admissible evidence therein which would be favorable and material to defendant.

A number of cases have come before this Court where we have been called upon to review sealed records from the trial court under the rationale of *State v. Hardy*, 293 N.C. 105, 235 S.E.2d 828 (1977). None of these cases have explicitly articulated the appropriate standard of review for this Court. However, it is clear from these cases that the proper standard of review is *de novo* rather than a standard of review that gives deference to the ruling of the trial court. *See State*

*v. Taylor*, 178 N.C. App. 395, 406, 632 S.E.2d 218, 227 (2006); *State v. Thaggard*, 168 N.C. App. 263, 280, 608 S.E.2d 774, 785 (2005); *State v. McGill*, 141 N.C. App. 98, 102, 539 S.E.2d 351, 355 (2000).

On appeal, we examine the sealed records to determine if they contain information that is favorable and material to the defendant's guilt or punishment. This includes evidence adversely affecting the credibility of the State's witnesses. *McGill, supra*, 141 N.C. App. at 102, 539 S.E.2d at 355.

Our review of the records in the instant case reveals nothing that is exculpatory to defendant. No reasonable probability exists that if this material was made available to defendant that the outcome of his trial would have been different. *See U.S. v. Bagley*, 473 U.S. 667, 682, 87 L. Ed. 2d 481, 494 (1985).

We hold that neither Judge Frye nor Judge Balog erred in denying defendant access to these records. This assignment of error is without merit.

**[2]** In his second argument, defendant contends that the trial court committed plain error in determining his sentencing level in the absence of a stipulation. We disagree.

We first note that plain error analysis in criminal cases is only applicable to evidentiary rulings and to jury instruction errors. *See, e.g, State v. Roache*, 358 N.C. 243, 275, 595 S.E.2d 381, 403 (2004); *State v. Cummings*, 352 N.C. 600, 613, 536 S.E.2d 36, 47 (2000). Thus, defendant's argument as to plain error is improper.

Nevertheless, errors as to sentencing are appealable if there has been an incorrect finding of the defendant's prior record level even in the absence of an objection at trial. N.C. Gen. Stat. § 15A-1442(5b)(a) (2005). We therefore consider this issue.

N.C. Gen. Stat. § 15A-1340.13(b) requires that the trial court determine a defendant's prior record level before imposing a sentence. In order to do this the trial court must find the defendant's prior convictions and assign the appropriate number of sentencing points as provided in N.C. Gen. Stat. § 15A-1340.14(c). Prior convictions shall be established in one of four ways:

(1)  Stipulation of the parties.

(2)  An original or copy of the court record of the prior conviction.

(3) A copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts.

(4) Any other method found by the court to be reliable.

N.C. Gen. Stat. § 15A-1340.14(f) (2005). The burden of proving a prior conviction is upon the State. *State v. Eubanks*, 151 N.C. App. 499, 505, 565 S.E.2d 738, 742 (2002) (citing N.C. Gen. Stat. § 15A-1340(f) (2001)). This Court has repeatedly held that the tendering of a prior record level worksheet to the trial court, without the documentation required by in N.C. Gen. Stat. § 15A-1340.14(f) is not sufficient to prove a prior conviction. *See, e.g, State v. Alexander*, 359 N.C. 824, 828-29, 616 S.E.2d 914, 917 (2005); *State v. Crawford*, 179 N.C. App. 613, 620, 634 S.E.2d 909, 914 (2006).

In the instant case, counsel for defendant stipulated to defendant's prior convictions, and that for habitual felon status he was a prior record level IV and for non-habitual felon status he was a prior record level V.

In his brief to this Court, defendant acknowledges that "the Court has repeatedly stated that trial counsel may stipulate in such a manner as in this instant case and invites this Court to review those decisions." We decline defendant's invitation. This Court is bound to follow the precedent of our Supreme Court. *Cannon v. Miller*, 313 N.C. 324, 327 S.E.2d 888 (1985). Likewise, we are bound by previous panels of the Court of Appeals deciding the same issue. *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 36 (1989).

The case law in this State is clear. Defendant, through counsel, made unequivocal stipulation concerning defendant's prior convictions and prior record level. *See Alexander*, 359 N.C. at 828, 616 S.E.2d at 917. The record reveals that defendant did not stipulate to one charge of indecent liberties shown on the worksheet, but immediately thereafter his counsel stipulated to his prior record level. The record in this case does not contain the second sheet of either of the two worksheets signed by the trial judge. These are the sheets that would contain a listing of defendant's convictions and the dates of the convictions. Without this information, we are required to presume that the trial court was correct in determining the sentencing level of defendant. *See State v. Fennell*, 307 N.C. 258, 262, 297 S.E.2d 393, 396 (1982). It is incumbent upon the defendant to present a complete record to the appellate court which would allow it to review all errors

presented by the defendant. *State v. Milby*, 302 N.C. 137, 141, 273 S.E.2d 716, 719 (1981). This assignment of error is without merit.

NO ERROR.

Judges McGEE and BRYANT concur.