STATE OF NORTH CAROLINA v. JODY LEE HAGER, Defendant

No. COA09-664

(Filed 4 May 2010)

**1. Evidence— prior crimes or bad acts—fatal variance with indictment—not shown**

The trial court did not err by allowing a larceny victim to testify about other bad behavior by defendant during their relationship. Although defendant argued the testimony constituted evidence of other crimes that created a variance with the indictment, defendant failed to explain why the variance was fatal.

**2. Larceny— intent to permanently deprive—evidence sufficient**

The trial court did not err by denying defendant's motion to dismiss larceny for insufficient evidence where defendant contended that the victim was not truthful when she testified that jewelry was taken from her home without permission, but pointed to no evidence contrary to the victim's testimony. The fact that defendant pawned these items and had redeemed other pawned items in the past only showed that he did not intend to deprive himself of the property permanently.

**3. Sentencing— lengthy sentence—force not used in crime—delay in reporting**

There was no plain error in sentencing defendant where his argument was essentially that the sentence seems too long, not that the term was incorrect under the statutory guidelines, or that defendant should not have been classified as a habitual felon. A lack of force in the commission of the crimes and the delay of the victim reporting the crimes did not rise to the level of grievous error outlined in *State v. Todd,* 313 N.C. 110.

**4. Indictment and Information— habitual felon—date of one offense corrected**

The trial court did not err by allowing the State to alter an indictment for being an habitual felon after the close of the evidence where the bill listed the date of one of the offenses incorrectly. Defendant did not argue that the typographical error in some way misled or surprised him.

**5. Appeal and Error— appealability—error in calculating sentence**

Defendant's argument that there was plain error in calculating his sentence was reviewed on appeal despite the fact that plain error analysis applies only to evidentiary rulings and jury instruction errors. An incorrect finding of a prior record level is appealable by N.C.G.S. § 15A-1442(5b)(a) even in the absence of an objection at trial.

**6. Sentencing— prior record level—use of prior convictions**

There was no error in calculating defendant's prior record level where defendant's arguments did not specify which of several dozen prior convictions he believes were not fully proven or were counted twice. Furthermore, defendant expressly stipulated his prior record level in an extended colloquy and the question of which convictions were used for which purpose was considered at that hearing.

**7. Larceny— possession of stolen goods—consolidation of judgments**

The trial court erred by entering judgment against defendant for both larceny and possession of stolen goods. Although the trial court consolidated the judgments for sentencing, it has been specifically held that consolidation does not cure the error.

STATE v. HAGER

[203 N.C. App. 704 (2010)]

Appeal by defendant from judgment entered 1 March 2005 by Judge Nathaniel J. Poovey in Catawba County Superior Court. Heard in the Court of Appeals 28 October 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Brent D. Kiziah, for the State.*

*Hartsell & Williams, P.A., by Christy E. Wilhelm, for defendant.*

ELMORE, Judge.

Jody Lee Hager (defendant) was found guilty of one count of felony larceny, one count of felony possession of stolen goods, one count of non-felony larceny, and one count of non-felony possession or stolen goods. After being found guilty of being a habitual felon, defendant was sentenced to a term of imprisonment of 107 to 138 months; he now appeals.

Defendant was involved romantically with Tammi Eckard off and on from October 2001 through April 2003. In December 2003, Ms. Eckard was in a pawn shop and saw for sale a tennis bracelet that belonged to her; until then, she had believed the bracelet was in a drawer with other jewelry she did not wear on a daily basis. Ms. Eckard reported the incident to the sheriff's department, then checked the contents of the drawer for her other jewelry; at that time, she realized a diamond engagement ring was also missing and reported that to the sheriff's department as well. This item was later located at a different pawn shop. Per the testimony of the pawn shop owners, defendant pawned the ring on 17 March 2003 and the bracelet on 10 April 2003. Neither had been redeemed by defendant, and thus both had been put up for sale to the public.

Defendant was arrested and charged with two counts each of felonious larceny and felonious possession of stolen goods for the ring, valued at $2,000.00, and for the bracelet, valued at $1,800.00. A jury found defendant guilty of non-felonious larceny and non-felonious possession of stolen goods as to the ring; felonious larceny and felonious possession of stolen goods as to the bracelet; and being a habitual felon. At the sentencing hearing, defendant was determined to have a prior record level of IV and sentenced to a term of 107 to 138 months' imprisonment for all offenses. Defendant now appeals.

[1] Defendant first argues that the trial court erred by allowing Ms. Eckard to testify as to defendant's other bad behavior during their relationship, including that defendant had taken multiple items of

STATE v. HAGER

[203 N.C. App. 704 (2010)]

jewelry, had assaulted her, and had stolen her car when he was indicted only for stealing two items of jewelry. We disagree.

We note that defendant does not argue that such testimony was damaging to defendant's character and thus should not have been admitted; instead, he argues that Ms. Eckard's testimony constituted evidence of crimes other than those in the indictments, creating a fatal variance between them. Defendant does not explain further why this evidence—which was presented in addition to evidence that defendant took and pawned without permission the ring and bracelet, the larceny of which he *was* charged with—constitutes such a fatal variance from the indictments. As such, we overrule this assignment of error.

[2] Defendant next argues that the trial court erred in denying his motion to dismiss because the State provided insufficient evidence to prove defendant committed the crimes of larceny and possession of stolen goods. We disagree.

When considering a defendant's motion to dismiss for insufficiency of the evidence, "the question for the [c]ourt is whether there is substantial evidence (1) of each essential element of the offense charged . . . and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Scott*, 356 N.C. 591, 595, 573 S.E.2d 866, 868 (2002) (quotations and citation omitted). In so considering,

> we must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences. . . . Circumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence. If the evidence presented is circumstantial, the court must consider whether a reasonable inference of defendant's guilt may be drawn from the circumstances.

*Id.* at 596, 573 S.E.2d at 869 (quotations and citation omitted).

"Larceny is the wrongful taking and carrying away of the personal property of another without his consent and with the intent to permanently deprive the owner thereof." *State v. Green*, 310 N.C. 466, 468, 312 S.E.2d 434, 436 (1984) (citation omitted). The taking is a Class H felony when the value of the property taken is more than $1,000.00 and a Class 1 misdemeanor when it is below $1,000.00. N.C. Gen. Stat. § 14-72(a) (2009).

We note first that, although defendant nominally includes his convictions for possession of stolen goods in this argument, he in fact argues only as to whether the items were taken without consent and whether defendant intended to permanently deprive the owner of them. As neither of these is an element of possession of stolen goods, we consider his argument only as it relates to his convictions for larceny. *See State v. Martin*, 97 N.C. App. 19, 25, 387 S.E.2d 211, 214 (1990) (listing elements as "(1) possession of personal property; (2) having a value in excess of $[1,000.00]; (3) which has been stolen; (4) the possessor knowing or having reasonable grounds to believe the property was stolen; and (5) the possessor acting with a dishonest purpose").

As to taking the items without Ms. Eckard's consent, defendant argues simply that the State introduced no evidence on the point except the testimony of Ms. Eckard, whom defendant characterizes as untruthful. Ms. Eckard specifically testified that she had given no one permission to remove the items in question from her home. Defendant points to no evidence to the contrary, relying solely on his statement that Ms. Eckard's testimony was motivated by revenge. Taking the evidence in the light most favorable to the State, this testimony is sufficient evidence that the items were taken without Ms. Eckard's consent.

Next, defendant argues that the State did not introduce sufficient evidence of his intent to permanently deprive Ms. Eckard of the items because, as various witnesses testified, defendant had several times previously pawned items, then redeemed them. This argument is without merit. As our Supreme Court has stated, "the intent to permanently deprive need not be established by direct evidence but can be inferred from the surrounding circumstances." *State v. Kemmerlin*, 356 N.C. 446, 474, 573 S.E.2d 870, 889 (2002) (citation omitted). We note first that defendant's argument, even if taken as true, shows only that he did not intend to deprive *himself* of the property permanently; it has no bearing on whether he intended to deprive Ms. Eckard of them. Regardless, defendant's exchanging the items for cash certainly constitutes circumstances from which "a reasonable inference of defendant's guilt may be drawn[.]" *Scott* at 596, 573 S.E.2d at 869.

We find that the trial court did not err in denying defendant's motion to dismiss these charges. As such, we overrule this assignment of error.

STATE v. HAGER

[203 N.C. App. 704 (2010)]

**[3]** Defendant next argues that the trial court committed plain error in sentencing him to a term of imprisonment of 107 to 130 months because such a sentence "amounts to excessive punishment." Essentially, defendant's argument is that the sentence seems too long given the crimes for which he was convicted. He does not argue that the term imposed was incorrect under the statutory guidelines, nor that defendant should not have been classified as a habitual felon; he argues simply that the punishment seems excessive and in violation of the Eighth Amendment. Construing defendant's argument as a constitutional challenge to the Habitual Felon Act, we note that our Supreme Court has considered this issue and found the Act constitutional. *See State v. Todd*, 313 N.C. 110, 118, 326 S.E.2d 249, 253 (1985). Here, as in *Todd*,

> although defendant's challenge to the severity of his sentence is couched in terms of an eighth amendment proportionality analysis, we believe that the proper review involves a determination, under the Fair Sentencing Act, of whether there has been a showing of abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness or injustice, or conduct which offends the public sense of fair play.

*Id.* at 119, 326 S.E.2d at 254 (quotations and citation omitted). To aid this Court in making such a determination, defendant points to his lack of use of force in committing the crimes and the delay in Ms. Eckard's reporting the crimes. We decline to hold that such circumstances rise to the level of grievous error outlined by the Court in *Todd*. As such, this argument is overruled.

**[4]** Defendant next argues that the trial court erred in allowing the State to alter the bill of indictment for the offense of habitual felon after the close of evidence. The bill of indictment gave the date of one of his prior offenses incorrectly, listing it as 1 December 1989 instead of 12 December 1989. Defendant moved to dismiss this charge at trial on this basis; that motion was denied by the trial court. Defendant construes this ruling as allowing the State to amend the indictment, which is expressly forbidden by N.C. Gen. Stat. § 15A-923(e) (2009). He urges this Court to reverse his conviction of this charge on that basis.

However, as this Court has repeatedly held, such clerical errors on habitual felon indictments do not affect their validity. "The essential purpose of [a] habitual felon indictment is to give a defendant

notice he is being charged as [a] habitual felon so he may prepare a defense as to having a charge of the . . . listed felony convictions." *State v. Bowens*, 140 N.C. App. 217, 225, 535 S.E.2d 870, 875 (2000) (citation omitted). In *State v. Campbell*, this Court noted that N.C. Gen. Stat. § 15A-923(e)

> provides that "[a] bill of indictment may not be amended;" however, "amendment" in this context has been interpreted to mean "any change in the indictment which would substantially alter the charge set forth in the indictment." Where time is not an essential element of the crime, an amendment in the indictment relating to the date of the offense is permissible since the amendment would not substantially alter the charge set forth in the indictment. A change in an indictment does not constitute an amendment where the variance was inadvert[e]nt and defendant was neither misled nor surprised as to the nature of the charges.

133 N.C. App. 531, 535-36, 515 S.E.2d 732, 735 (1999) (citations omitted). Defendant does not argue that the typo in reporting his offense from more than twenty years ago in some way misled or surprised him as to the charge of his being a habitual felon. As such, this assignment of error is overruled.

**[5]** Defendant next argues that the trial court committed plain error by sentencing defendant as a habitual felon because of the way in which his prior record level was calculated. He argues first that the State did not present evidence proving all of defendant's prior convictions and, second, that the State used some of those convictions twice—once in calculating his prior record level, and once in supporting defendant's habitual felon status. While it is indeed true that the State must prove each of a defendant's prior convictions to determine his prior record level, N.C. Gen. Stat. § 15A-1340.14 (2009), and that the State may not use prior offenses both to determine prior record level and establish a defendant as a habitual felon, N.C. Gen. Stat. § 14-7.6, defendant in this case cannot show that the trial court committed error.

As a preliminary matter, "[w]e first note that plain error analysis in criminal cases is only applicable to evidentiary rulings and to jury instruction errors." *State v. Scott*, 180 N.C. App. 462, 464, 637 S.E.2d 292, 293 (2006). As such, defendant's argument based on plain error is "improper." *Id.* However, "errors as to sentencing are appealable if there has been an incorrect finding of the defendant's prior record level even in the absence of an objection at trial" per N.C. Gen. Stat.

§ 15A-1442(5b)(a) (2009), and as such we review defendant's argument. *Id.*

**[6]** As the State notes, defendant's arguments in his brief refer only to "prior convictions," rather than specifying which of the several dozen such prior convictions that appear on the sentencing worksheets submitted by the State he believes were not fully proven or were counted twice by the trial court. We decline to examine each conviction individually when defendant himself apparently does not consider such a review necessary. Further, we note that defendant expressly stipulated to his prior record level during an extended colloquy involving the judge, both attorneys, and defendant himself. *See* N.C. Gen. Stat. § 15A-1340.14(f)(1) (2009) (giving stipulation by the parties as a valid method via which to prove a prior conviction). The question of which convictions were used for which purpose was also considered at that hearing and resolved. As such, we overrule this assignment of error.

**[7]** Defendant's final argument is that the trial court erred by entering judgment against him for both larceny and possession of stolen goods. We agree. *See State v. Perry*, 305 N.C. 225, 236-37, 287 S.E.2d 810, 817 (1982) (holding that "though a defendant may be indicted and tried on charges of larceny, receiving, and possession of the same property, he may be convicted of only one of those offenses"). Although the trial court in this case consolidated the judgments for sentencing, this Court has specifically held that "consolidation of the convictions for judgment does not cure this error[.]" *State v. Owens*, 160 N.C. App. 494, 499, 586 S.E.2d 519, 523 (2003).

Accordingly, we vacate defendant's conviction for possession of stolen goods and remand to the trial court to arrest the judgment previously entered for possession of stolen goods, as well as for resentencing.

No error in part; reversed and remanded in part.

Judges STEELMAN and HUNTER, JR., Robert N., concur.