An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-733
NORTH CAROLINA COURT OF APPEALS

Filed: 7 January 2014

STATE OF NORTH CAROLINA

v.

LAMAR RASHAD LINEBERGER

Catawba County
No. 12 CRS 53434


Appeal by defendant from judgment entered 17 January 2013 by Judge Christopher W. Bragg in Catawba County Superior Court. Heard in the Court of Appeals 20 November 2013.

>   *Attorney General Roy A. Cooper, by Assistant Attorney General Kenneth A. Sack, for the State.*
>
>   *Irving Joyner for defendant-appellant.*


McCULLOUGH, Judge.

Defendant Lamar Rashad Lineberger appeals from the trial court's denial of his motion to dismiss and argues that the trial court erred by entering judgment on both his larceny of a stolen vehicle and possession of the same stolen vehicle convictions. For the reasons set forth below, we find no error in part, arrest judgment in part, and remand for resentencing.

I.  Background

The State's evidence tended to show that on the morning of 15 May 2012, Tiffany Bolick, a resident of Starbrook Drive in Newton, North Carolina noticed that some items she had left in her vehicle were missing and that her "car had been rummaged through." On the previous night, Bolick had parked her unlocked 2012 Chevrolet Cruz in the driveway of her home. Bolick testified that her Garmin GPS system and cell phone were missing from her vehicle. An iPod touch that had been left in Bolick's husband's unlocked vehicle, a Dodge Ram truck, was also missing. A few days after reporting the incident to law enforcement, police contacted Bolick to inform her that they had recovered her missing GPS system and cell phone.

Tomera Mitchell, a resident of Willow Creek Drive in Newton, North Carolina, testified that on the morning of 16 or 17 May 2012, she walked out of her home to find her 2007 GMC Yukon missing. Tomera Mitchell testified that the night before, she had left her purse and keys to the vehicle in the unlocked Yukon. Items that were also left inside her missing vehicle included a Nikon D90 camera, an iPhone 4S, an iPhone Touch, and a child's car seat. Ted Mitchell, Tomera's husband, contacted the police to report their missing Yukon.

Officer Justin Hussey of the Hickory Police Department testified that on 17 May 2012, he saw a Yukon matching the description of the Mitchells' missing Yukon in the 500 block of 3rd Avenue. Officer Hussey observed two occupants in the vehicle, a black male driver and a white male passenger. The driver was wearing a black shirt and red ball cap. Officer Hussey attempted to pursue the vehicle but lost sight of it for some distance. By the time Officer Hussey was able to observe the vehicle again, it was parked and a white male whom Officer Hussey recognized earlier as the passenger of the Yukon was walking down 3rd Avenue. Officer Hussey stopped the white male, questioned him, and detained him in his police car.

Officer Hussey went to where the Yukon was parked and did not see anyone inside or around the vehicle. At this time, Officer Gregory Beucler of the Hickory Police Department arrived on the scene. Officer Beucler checked to see that no other occupants were in the Yukon and then began to search the area for the driver of the vehicle.

After searching for approximately twenty to thirty minutes in the area of the 200 block of 5th Street, a woman who resided at 247 5th Street motioned to Officer Beucler. The woman was "clearly distraught, scared." After speaking with the woman,

Officer Beucler ran behind her residence and began searching for the suspect. Officer Beucler observed someone underneath the porch, in a crawl space attached to the foundation of the residence. Officer Beucler testified that using his flashlight, he saw "a hand of what appeared to be a black male under the crawl space." Officer Beucler gave commands to step out of the crawl space and defendant Lamar Rashad Lineberger emerged. Defendant was wearing a black shirt and had a red baseball cap tucked in his pants.

Officer Hussey went into the crawl space and recovered keys to a GMC vehicle on a multi-colored lanyard. Officer Hussey identified defendant as the same individual who was seen driving the Yukon earlier.

Tomera and Ted Mitchell identified the Yukon as their vehicle. Ted Mitchell identified the multi-colored lanyard as a gift he purchased for his wife and testified that it was attached to the keys to his stolen Yukon. Some of the items found inside the Yukon included the following: clothes, cell phone, GPS system, credit cards, empty wallet, watch, etc.

Defendant did not offer any evidence.

On 11 June 2012, defendant was indicted for possession of a stolen motor vehicle, felonious larceny, and breaking or entering.

On 17 January 2013, a jury returned verdicts of guilty for felonious larceny and possession of a stolen vehicle.

Defendant's offenses were consolidated for judgment and defendant was sentenced for a term of fifteen (15) to twenty-seven (27) months incarceration.

Defendant appeals.

## II.  Standard of Review

We review the trial court's denial of a motion to dismiss *de novo*. *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007).  "When ruling on a defendant's motion to dismiss, the trial court must determine whether there is substantial evidence (1) of each essential element of the offense charged, and (2) that the defendant is the perpetrator of the offense."  *Id.* (citation omitted).

"Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *State v. Crawford*, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996) (citation omitted).  "[T]he trial court must view the evidence in the light most favorable to the State, and

the State is entitled to every reasonable inference to be drawn from that evidence." *State v. Barnett*, 141 N.C. App. 378, 382, 540 S.E.2d 423, 427 (2000) (citation omitted).

### III. Discussion

Defendant presents two issues on appeal: (A) whether the trial court erred by denying defendant's motion to dismiss the charge of felonious larceny and (B) whether the trial court erred by entering judgments for both felony larceny and possession of a stolen motor vehicle.

### A. Motion to Dismiss

First, defendant argues that the trial court erred by denying his motion to dismiss the charge of felonious larceny at the conclusion of the State's case and at the conclusion of all the evidence. Specifically, defendant argues that the evidence was insufficient to show that the stolen vehicle was in his exclusive possession and that the State improperly used and relied upon the doctrine of recent possession. Defendant relies on the holding in *State v. Maines*, 301 N.C. 669, 273 S.E.2d 289 (1981), for his contentions. Based on the following reasons, we disagree.

"To convict a defendant of felonious larceny, it must be shown that he: (1) took the property of another, (2) with a

value of more than $1,000.00, (3) carried it away, (4) without the owner's consent, and (5) with the intent to deprive the owner of the property permanently." *State v. Owens*, 160 N.C. App. 494, 500, 586 S.E.2d 519, 523-24 (2003) (citation omitted); N.C. Gen. Stat. § 14-72(a) (2011).

In *Maines*, our Supreme Court stated that the doctrine of recent possession "is simply a rule of law that, upon an indictment of larceny, possession of recently stolen property raises a presumption of the possessor's guilt of the larceny of such property." *Maines*, 301 N.C. at 673, 273 S.E.2d at 293 (citation omitted). "When the doctrine of recent possession applies in a particular case, it suffices to repel a motion for nonsuit and defendant's guilt or innocence becomes a jury question." *Id.* at 674, 273 S.E.2d at 293.

> [T]he presumption spawned by possession of recently stolen property arises when, and only when, the State shows beyond a reasonable doubt: (1) the property described in the indictment was stolen; (2) the stolen goods were found in defendant's custody and subject to his control and disposition to the exclusion of others though not necessarily found in defendant's hands or on his person so long as he had the power and intent to control the goods; and (3) the possession was recently after the larceny, mere possession of stolen property being insufficient to raise a presumption of guilt.

*Id.* (citations omitted). The *Maines* Court went on to explain that

> possession sufficient to give rise to such inference does not require that the defendant have the article in his hand, on his person or under his touch. It is sufficient that he be in such physical proximity to it that he has the power to control it to the exclusion of others and that he has the intent to control it.

*Id.* at 674-75, 273 S.E.2d at 293-94 (citation omitted).

The State's evidence in *Maines* tended to show that on 5 July 1979 a grocery store was broken into and a number of items including an old blue coat, cigarettes, a necklace, cigarette rolling papers, Avon products, and toothbrushes were stolen. *Id.* at 670, 273 S.E.2d at 291. On 7 July 1979, the defendant Maines and an individual named Steve Dunn were observed in a Pontiac car in a parking lot. Dunn owned the vehicle but it was operated at the time by Maines. Two men were riding in the rear seats of the vehicle. Pursuant to Dunn's consent, police searched Dunn's vehicle and found paper bags containing cigarettes, a blue nylon windbreaker coat, two new toothbrushes, and a necklace worn by Dunn. At trial, Maines testified that on 5 July 1979 he was at his uncle's house and that he had no knowledge of the items found in the car. Dunn denied breaking into the grocery store and stealing property. However, Dunn

testified that the necklace, toothbrushes, and cigarettes belonged to him. Initially, Dunn admitted to officers that the blue coat was his, but later at trial, explained that he thought it was his coat without closely inspecting it. The owner of the grocery store positively identified the old blue coat as her coat and testified that the necklace, toothbrushes, cigarette papers, cartons of cigarettes, and a number of loose packs of cigarettes were of the same type as those stolen from her store. A jury found Maines guilty of felonious breaking and entering and felony larceny. *Id.* at 673, 273 S.E.2d at 292.

Our Supreme Court held that the

> "exclusive" possession required to support an inference or presumption of guilt need not be a sole possession but may be joint. If the situation is one where persons other than defendant have equal access to the stolen goods, the inference may not arise. For the inference to arise where more than one person has access to the property in question, the evidence must show the person accused of the theft had complete dominion, which might be shared with others, over the property or other evidence which sufficiently connects the accused person to the crime or a joint possession of co-conspirators or persons acting in concert in which case the possession of one criminal accomplice would be the possession of all.

*Id.* at 675, 273 S.E.2d at 294 (citation omitted). Based on the foregoing, the *Maines* Court held that the State failed to show

that Maines had possession to the exclusion of persons not party to the crime or actual or personal possession of the stolen property but that Maines' possession was "at most constructive, based on the fact he was driving the car and presumably in control of it and its contents." *Id.* at 676, 273 S.E.2d at 294. The *Maines* Court refused to uphold the defendant's conviction because it was based on the stacked inferences that "to convict defendant, the jury must infer that defendant possessed the goods from the mere fact of driving with the owner of the car seated beside him and then infer he was the thief who stole them based on the possession of recently stolen goods." *Id.*

The facts of the case *sub judice* are clearly distinguishable from those found in *Maines*. In *Maines*, the State's evidence showed that the defendant was merely the driver of a car which contained stolen goods, that there were other passengers in the car, and that there was no other evidence linking the defendant to the stolen goods. Here, reviewing the evidence in the light most favorable to the State, the evidence clearly showed that although Officer Hussey observed a white male passenger in the stolen vehicle along with defendant, suggesting joint possession, defendant had complete dominion over the stolen property and had actual possession over the

stolen property when he was observed by Officer Hussey driving the vehicle. Keys to the Yukon found in the crawl space where only defendant was found hiding after parking and leaving the stolen vehicle is also further evidence of defendant's connection to the crime.

Based on these facts, we conclude that the State proved the elements necessary to give rise to the presumption established under the doctrine of recent possession. Accordingly, the trial court did not err by denying his motion to dismiss and defendant's argument is overruled.

## B. Larceny and Possession

Next, defendant argues that the trial court erred by improperly convicting defendant for both larceny of property and possession of the same property and by entering judgment for both. We agree.

"Our Supreme Court has held that the legislature did not intend to punish a defendant for possession of the same goods that he stole. Since the defendant can only be convicted of either the larceny or the possession of stolen property, judgment must be arrested in one of the two cases." *State v. Szucs*, 207 N.C. App. 694, 702-703, 701 S.E.2d 362, 368 (2010) (citations and quotation marks omitted).

In the present case, the trial court stated the following:

> The jury has returned verdicts in this matter of guilty of possession of stolen vehicle and felonious larceny. The Court will note that each of those are Class H felonies. . . . [U]nder the law I am required to arrest judgment as to one of them. I can't sentence you for both, okay. So they're basically consolidated for sentence, all right.

The written judgment entered 17 January 2013 consolidated both the felony larceny and possession of a stolen motor vehicle convictions and sentenced defendant to fifteen (15) to twenty-seven (27) months incarceration.

"Although the trial court in this case consolidated the judgments for sentencing, this Court has specifically held that consolidation of the convictions for judgment does not cure this error[.]" *State v. Hager,* 203 N.C. App. 704, 711, 692 S.E.2d 404, 409 (2010) (citation and quotations marks omitted). We, therefore, arrest judgment on defendant's conviction of possession of a stolen motor vehicle and remand for entry of judgment and resentencing on the felony larceny conviction.

No error in part; judgment arrested in part and remanded for resentencing.

Judges ELMORE and DAVIS concur.

Report per Rule 30(e).