STATE OF NORTH CAROLINA
v.
KELLY GWEN HILL KIDD.
No. COA07-686
Court of Appeals of North Carolina.
Filed December 18, 2007
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Thomas J. Pitman, for the State.
Carol Ann Bauer, for defendant-appellant.
TYSON, Judge.
Kelly Gwen Hill Kidd ("defendant") appeals from judgments entered after a jury found her to be guilty of: (1) carrying a concealed weapon pursuant to N.C. Gen. Stat. § 14-269(a); (2) felony possession of cocaine pursuant to N.C. Gen. Stat. § 90-95(d)(2); (3) simple possession of a schedule IV controlled substance pursuant to N.C. Gen. Stat. § 90-95(d)(2); and (4) possession of drug paraphernalia pursuant to N.C. Gen. Stat. § 90-113.22. We find no error.

I. Background
On 9 September 2004, Detective Arthur Heaton ("Detective Heaton") responded to a call, which reported a black male in possession of a large handgun, who was seen inside several jewelry stores in the Randolph County Mall. Detective Heaton and Officer Donovan Young ("Officer Young") located Greg Fisher ("Fisher") at the jewelry counter inside the Belk Department Store and asked Fisher to place his hands on the counter top. Fisher complied and Detective Heaton and Officer Young handcuffed him.
Officer Young searched Fisher. Officer Young recovered a concealed large caliber handgun and a pill bottle, which contained several pills and some powder cocaine. Fisher was placed under arrest. Upon Fisher's arrest, Jonathan Clay ("Clay") approached the officers and identified himself as a friend of Fisher's. Fisher asked if he could give his car keys to Clay so that Clay could pick up "the girls." Detective Heaton agreed and gave Fisher's keys to Clay.
Detective Heaton walked with Clay to Fisher's car and asked Clay for permission to search the car. Clay stated the car was not his. Detective Heaton explained to Clay that he could consent to the search because the car was under his control. Clay then asked if he would "get in trouble[]" for anything that may be inside the car. Detective Heaton told Clay he did not believe Clay would be held responsible for anything contained in the car because he had just taken possession of the keys. Clay consented to a search of Fisher's car.
Detective Heaton recovered two purses located inside Fisher's car. One purse contained an Altoids mint tin, a blue colored pipe, digital scales, a pill bottle with several pills inside, a pack of cigarettes with several straws inside, and defendant's identification card. The Altoids tin contained a plastic bag with white powder and several razor blades. After Detective Heaton finished searching Fisher's car, he asked another officer to go into the mall and locate "the girls." The officer returned with defendant. Defendant was handcuffed and placed under arrest. As defendant and the officers were standing next to Fisher's car, defendant told Officer William Brown ("Officer Brown") she had a handgun in her pants. Defendant claimed the gun belonged to Fisher. Defendant explained that she was carrying the handgun because she did not want it to be stolen from the car.
A magistrate's order was issued charging defendant with possession with intent to sell or deliver cocaine, felony possession of cocaine, carrying a concealed weapon, simple possession of a schedule IV controlled substance, and possession of drug paraphernalia. Defendant was indicted on one count of possession with intent to manufacture, sell, and deliver cocaine. Defendant's felonious possession of cocaine charge was dismissed due to the possession with intent to manufacture, sell, and deliver cocaine indictment.
Prior to trial, defendant moved to suppress "all evidence seized as a result of the warrantless search of [Fisher's] vehicle . . ." Defendant's motion to suppress was denied. Defendant was convicted of carrying a concealed weapon in district court. Defendant appealed the conviction to the superior court.
At the close of the State's evidence, defendant moved to dismiss all charges. The trial court dismissed the charge of possession with intent to sell or deliver cocaine and denied defendant's motion to dismiss the remaining charges.
A jury found defendant to be guilty of: (1) possession of cocaine, (2) carrying a concealed handgun, (3) possession of diazepam, and (4) possession of drug paraphernalia. Defendant was sentenced to forty-five days incarceration for carrying a concealed weapon. This sentence was suspended and defendant was placed on supervised probation for twenty-four months. The remaining charges were consolidated for sentencing. Defendant received a consecutive sentence of a minimum of six and a maximum of eight months incarceration. This sentence also was suspended and defendant was placed on supervised probation for twenty-four months. Defendant appeals.

II. Issues
Defendant argues the trial court erred by: (1) denying her motion to suppress and (2) denying her motion to dismiss.

III. Motion to Suppress
Defendant argues the trial court erred by denying her motion to suppress because the warrantless search of her purse was without any lawful authority. We disagree.

A. Standard of Review
The standard of review for a motion to suppress "is whether the trial court's findings of fact are supported by the evidence and whether the findings of fact support the conclusions of law." State v. Cockerham, 155 N.C. App. 729, 736, 574 S.E.2d 694, 699 (citation omitted), disc. rev. denied, 357 N.C. 166, 580 S.E.2d 702(2003). "The court's findings are conclusive on appeal if supported by competent evidence, even if the evidence is conflicting." Id. (quotation omitted). "[T]he trial court's conclusions of law must be legally correct, reflecting a correct application of applicable legal principles to the facts found." State v. Fernandez, 346 N.C. 1, 11, 484 S.E.2d 350, 357 (1997).

B. Analysis
"[A] law-enforcement officer may conduct a search and make seizures, without a search warrant or other authorization, if consent to the search is given." N.C. Gen. Stat. § 15A-221(a) (2005). "The consent needed to justify a search and seizure under G.S. 15A-221 must be given: . . . (3) By a person who by ownership or otherwise is reasonably apparently entitled to give or withhold consent to a search of premises." N.C. Gen. Stat. § 15A-222 (2005). "Evidence obtained pursuant to the search of an automobile with the permission of the one in possession is competent against him and the occupants." State v. Faison, 17 N.C. App. 200, 202, 193 S.E.2d 334, 336 (1972) (emphasis supplied) (citation omitted), cert. denied, 283 N.C. 258, 195 S.E.2d 690 (1973).
Defendant has failed to specifically except or assign error to any of the trial court's findings of fact relating to the motion to suppress. "[W]hen no exceptions are made to separate findings of fact they are presumed to be supported by competent evidence." State v. Perry, 316 N.C. 87, 107, 340 S.E.2d 450, 462 (1986) (citation omitted). This Court's review is limited to whether the trial court's findings of fact support its conclusions of law. State v. Cheek, 351 N.C. 48, 63, 520 S.E.2d 545, 554 (1999), cert. denied, 530 U.S. 1245, 147 L. Ed. 2d 965 (2000). Based upon its findings of fact, the trial court concluded:
1. [] Clay had the apparent authority to consent to the search of the vehicle operated by [] Fisher.
2. The consent of [] Clay was not coerced by the Asheboro City Police Department.
3. [] Defendant had a lessened expectation of privacy for her purse in [] Fisher's car, and her Fourth Amendment Rights were not violated by the search.
Here, Clay's consent allowed the officers to conduct a warrantless search under N.C. Gen. Stat. § 15A-221. Clay was a person "reasonably apparently entitled to give or withhold consent to a search of [Fisher's car]." N.C. Gen. Stat. § 15A-222(3). The "[e]vidence obtained pursuant to the search . . . is competent against . . . [defendant]." Faison, 17 N.C. App. at 202, 193 S.E.2d at 336 (citation omitted). The trial court's conclusions of law reflect a correct application of applicable legal principles to the facts found from the evidence. Fernandez, 346 N.C. at 11, 484 S.E.2d at 357. The trial court's conclusions of law are supported by the findings of fact and are legally correct. Id. The trial court properly denied defendant's motion to suppress the search of her purse by Detective Heaton. This assignment of error is overruled.

IV. Motion to Dismiss
Defendant argues the trial court erred by denying her motion to dismiss because "the State failed to present any evidence thatthe items found were for use with any controlled substances[] . . . ." We disagree.

A. Standard of Review
The standard for ruling on a motion to dismiss is whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense. Substantial evidence is relevant evidence which a reasonable mind might accept as adequate to support a conclusion. In ruling on a motion to dismiss, the trial court must consider all of the evidence in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence. Any contradictions or discrepancies arising from the evidence are properly left for the jury to resolve and do not warrant dismissal.
State v. Wood, 174 N.C. App. 790, 795, 622 S.E.2d 120, 123 (2005) (internal citations and quotations omitted).

B. Analysis
N.C. Gen. Stat. § 90-113.22(a) (2005) provides:
It is unlawful for any person to knowingly use, or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, package, repackage, store, contain, or conceal a controlled substance which it would be unlawful to possess, or to inject, ingest, inhale, or otherwise introduce into the body a controlled substance which it would be unlawful to possess.
The State must present substantial evidence that defendant possessed drug paraphernalia with the intent to use it in connection with controlled substances.
Here, the State presented evidence tending to show that defendant's purse contained: an Altoids tin with 0.5 grams of cocaine and several razor blades located inside, several straws with cocaine residue present inside them, a pill bottle containinga schedule IV controlled substance, a digital scale, and a pipe. Considering all evidence in the light most favorable to the State and drawing all reasonable inferences therefrom, the State presented substantial evidence that defendant possessed drug paraphernalia with the intent to use it in connection with the controlled substances. Wood, 174 N.C. App. at 795, 622 S.E.2d at 123 (internal citations and quotations omitted); N.C. Gen. Stat. § 90-113.22(a). The trial court properly denied defendant's motion to dismiss the possession of drug paraphernalia charge. This assignment of error is overruled.

V. Conclusion
The trial court's unchallenged findings of fact in its order denying defendant's motion to suppress are supported by competent evidence. The trial court's conclusions of law are "legally correct[] [and] reflect[] a correct application of applicable legal principles to the facts found." Fernandez, 346 N.C. at 11, 484 S.E.2d at 357.
The State presented substantial evidence tending to show that defendant possessed drug paraphernalia with the intent to use it in connection with controlled substances. When viewed in the light most favorable to the State, the trial court properly denied defendant's motion to dismiss the charge of possession of drug paraphernalia. We find no error in the verdicts returned or the judgments entered thereon.
No error.
Judges JACKSON and ARROWOOD concur.
Report per Rule 30(e).